613 A.2d 1020

**STATE of Maryland**

v.

**Anthony Patrick PARKER.**

**No. 1951 Sept. Term, 1991.**

Court of Special Appeals of Maryland.

Oct. 6, 1992.

Tarra DeShields–Minnis, Asst. Atty. Gen., Baltimore, argued (J. Joseph Curran, Jr., Atty. Gen., Baltimore and Sandra A. O'Connor, State's Atty. for Baltimore County, Towson, on the brief), for appellant.

Sherrie B. Glasser, Asst. Public Defender, argued (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellee.

Argued before GARRITY, WENNER and DAVIS, JJ.

DAVIS, Judge.

On August 17, 1983, Anthony Patrick Parker, appellee, was charged in the Circuit Court for Baltimore County with murder, use of a handgun in a crime of violence, and a host of related counts. On November 10, 1983 before the Honorable Cullen H. Hormes, the appellee pled guilty to second degree murder. All remaining charges were to be *nolle prossed* by the prosecutor at the time of sentencing.

The appellee was sentenced on May 3, 1984 to a twenty year term of imprisonment. The sentence imposed was to run concurrently with a federal sentence that the appellee had received for an unrelated bank robbery conviction. The

appellee was to begin serving his Maryland sentence in federal prison.

Upon being paroled on his federal sentence on April 1, 1991, Parker was returned to Maryland to serve the balance of his Maryland sentence under the supervision of the Division of Corrections. On June 19, 1991, the appellee filed a petition in the Circuit Court for Baltimore County for Post–Conviction Relief, seeking release from incarceration. The appellee's petition was granted on January 23, 1992, and on February 19, 1992, an Application for Leave to Appeal the granting of post-conviction relief was filed by the State. That application was granted. The State now asks:

> Did the post-conviction hearing court misapply the law in construing the legal effect of concurrent multijurisdictional sentences in determining that the appellee must be granted post-conviction relief?

For reasons which we later explain, we affirm the post-conviction court's granting of the appellee's petition for relief.

### Statement of Facts

After the appellee was formally charged with murder and other related counts arising from an incident that occurred at the Coca–Cola Bottling Company in Baltimore County, a plea bargain was struck between the appellee and the prosecution and memorialized in writing. Under the terms of the agreement, the appellee was to plead guilty to one count of bank robbery in federal court and accept a sentence of twenty years, the sentence to be served in the federal correctional system. In exchange therefor, the prosecution agreed to bind itself to a recommendation that Parker not receive more than a twenty year prison term for his plea of guilty to any "and all charges arising out of the aforementioned Coca–Cola robbery-homicide." The prosecution also agreed to make a recommendation that Parker's Maryland sentence be made to run concurrently with his federal sentence. A clause in the written plea agreement

specified that the contents of the writing represented the only agreements made between the parties.

On May 3, 1984, the appellee appeared before Judge Cullen H. Hormes in the Circuit Court for Baltimore County for sentencing upon his conviction for second degree murder. Parker was sentenced to the Maryland Division of Corrections for a period of twenty years, the sentence to run concurrently with the appellee's federal sentence. The sentencing court stated, "I understand the State's Attorney will make arrangements so that he will serve his time in the federal institution."

The prosecutor remarked that he would alert the Commissioner of Corrections that "the time is to be served in the federal institution." The sentencing court commented that it understood that fact to be part of the plea agreement. The court then remarked that the commitment record should perhaps reflect that the appellee's Maryland sentence was "to be served with or at the federal institution." The notation so appeared on the commitment records. A detainer was then lodged by the Baltimore County Police Department and forwarded to the warden of the United States Penitentiary in Leavenworth, Kansas.

On April 1, 1991, the appellee was paroled on his federal sentence and, pursuant to the detainer lodged by the Baltimore County Police Department, was remanded to the custody of the Maryland Division of Corrections to complete the balance of his Maryland sentence. Thereafter, the appellee wrote to the Circuit Court for Baltimore County requesting that he be released from his Maryland sentence. In his response, Judge James L. Smith, Jr.[1] informed the appellee that he would have to be paroled by the Maryland parole authorities and that "the circumstances that you have been paroled by the federal prison system, would not bind the Maryland Department of Corrections. You would

---

1. Judge Cullen H. Hormes had died in the intervening months and was succeeded by Judge Smith.

still have to be paroled by the Maryland authorities on the concurrent sentence which Judge Hormes imposed."

In response to the appellee's filing a petition for post-conviction relief, a hearing was conducted. At the hearing, the appellee maintained that, because Judge Hormes indicated that the appellee's concurrent Maryland sentence was to be served in federal prison, the sentencing judge necessarily intended that when Parker was paroled upon his federal sentence he would thereby be paroled from his Maryland sentence. The appellee admitted, however, that Judge Hormes never once stated to him that upon completion of his federal sentence he would not be obligated to complete the balance of his Maryland sentence, should there be any time left to serve on the Maryland sentence. The hearing concluded with the post-conviction hearing judge holding the matter *sub curia* until review of the transcript of the original sentencing proceeding could be had.

The post-conviction hearing court subsequently granted the appellee's petition for relief, ordering the State to release the appellee from the custody of the Division of Corrections. The State noted the present appeal of the lower court's ruling.

## Legal Analysis

■ The post-conviction court, in ruling on the appellee's petition for relief, based its grant of relief upon the language of *Gantt v. State*, 81 Md.App. 653, 569 A.2d 220 (1990). In its memorandum opinion, the post-conviction court wrote:

If service of a consecutive sentence, which is the harsher of the two penalties, must be delayed until a federal parolee ceases to be on parole, the same reasoning compels this Court to conclude that Parker should not be incarcerated now by Maryland. Parker's federal parole did not change his status. He is still serving his 20–year, federal sentence; therefore, he is still serving his concurrent Maryland sentence while on parole.

The State maintains that the above passage "is an improper and wholly unwarranted extension of the holding of [*Gantt*]."[2] We would agree with the State were the above passage the entirety of our ruling in *Gantt*, but it is not. A complete reading of *Gantt* shows that our holding in that case is wholly apposite to the post-conviction court's ruling in the instant case.

Andre Antoine Gantt was convicted in the Circuit Court for Baltimore City of possession of cocaine with intent to distribute and was sentenced to fifteen years imprisonment. Gantt's sentence was to run consecutively to a federal sentence for which he was then on parole. The question arose as to whether the trial judge erred in ordering the appellant's sentence to run consecutively to the federal sentence for which Gantt was then on parole.

Citing Md.Ann.Code, art. 41, § 4–501(5), we have noted that parole is

> a conditional release from imprisonment.... [It] entitles the recipient thereof to leave the institution in which he was imprisoned, and to *serve* the remainder of his term outside the confines thereof.... Each such paroled prisoner shall be deemed to remain in legal custody until the expiration of his full, undiminished term; and upon having violated the conditions of his parole, shall be remanded to the institution from which he was paroled.

*Gantt*, 81 Md.App. at 657, 569 A.2d 220 (emphasis added).

Having reviewed rulings of other jurisdictions, including the Supreme Court, holding similarly, we held that

---

**2.** While the State has made no concessions regarding its position in this appeal, it recognized, at oral argument, that part of the inducement for the appellee to plead guilty was the assurance that he would not have to serve his sentence in a state institution with the accomplices against whom he testified. The State alluded to appellee's confinement with defendants he had helped send to prison as a "conflict." Quite apart from any consideration under *Gantt*, the State is certainly obliged to fulfill its part of the agreement, having secured the appellee's cooperation in prosecuting the co-defendants.

a person who is on parole is actually serving a sentence outside the prison walls. Thus, a judge sentencing a parolee on a subsequent offense may make that subsequent sentence consecutive to the sentence the parolee is serving, i.e., the sentence from which he is on parole.

*Id.* at 660, 569 A.2d 220.

Before final disposal of the issue, however, we cautioned that

[s]entencing judges should be cognizant of the possibility that if the parole authorities (*especially in foreign jurisdictions*) do not revoke his parole—or until they do— *such a defendant given a consecutive sentence to be served upon the termination of an earlier sentence may well remain free from physical restraint until the conclusion of that prior sentence* or until a retake warrant is issued by the Department of Parole and Probation.

*Id.* at 661, 569 A.2d 220 (emphasis added).

■ Applying *Gantt* to the facts of this case, we reach the same result as did the judge at the post-conviction hearing. The record shows that the appellee was paroled from his federal sentence on April 1, 1991 and, as a condition of that parole, was required to "remain within the limits of [Maryland] until May 3, 2004 [*i.e.,* twenty years from the date of his sentencing by Judge Hormes for the Baltimore County robbery-homicide]." As we have stated in *Gantt,* parolees, though released from physical confinement, are still serving their prison term "on the outside." The appellee was sentenced to twenty years by Judge Hormes to run concurrently with his federal sentence. The appellee's federal sentence ends when his parole ends, which happens to be coterminous with his Maryland sentence. In short, because the appellee's term of parole from his federal sentence is twenty years and his Maryland sentence was to run concurrently to his federal term, serving the balance of his twenty years on parole will satisfy his Maryland sentence.

**604**

We therefore hold that the post-conviction court did not err in granting the appellee the relief prayed.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.