EDWARD A. BOWEN A/K/A ALBERT BOWEN *v.*
BETTYLOU ROHNACHER, ETC., ET AL.

[No. 602, September Term, 1971.]

*Decided April 26, 1972.*

The cause was argued before MURPHY, C. J., and ANDERSON and ORTH, JJ.

*Frederick J. Green, Jr.*, with whom were *Lord, Whip, Coughlan & Green* on the brief, for appellant.

*Ronald S. Landsman*, with whom was *E. Thomas Maxwell, Jr.*. on the brief, for appellees.

MURPHY, C. J., delivered the opinion of the Court.

Appellees sued appellant in the Superior Court of Baltimore City in a wrongful death action on November 17, 1966. The case was placed on the consolidated trial docket on January 27, 1967. Thereafter, interrogatories were propounded by the parties and depositions sched-

uled. The case was first set for trial on May 1, 1968 but postponed. It was rescheduled for trial on four other occasions, the last being January 15, 1970, but was postponed for various reasons. During 1970, correspondence was exchanged between counsel representing appellees, E. Thomas Maxwell, and counsel representing appellant, Frederick J. Green, Jr.; it concerned appellees' efforts to take appellant's deposition and to ascertain the availability of a witness. The last item of correspondence shown by the record was dated August 12, 1970. It was a letter by Green to Maxwell, advising that appellant's deposition could be taken after September 14, 1970 when Green returned from his vacation.

On August 11, 1970 the Clerk of the Superior Court of Baltimore City, acting pursuant to Supreme Bench Rule 528 L, notified the parties and their respective counsel by regular mail that the case, having been on the consolidated trial docket for three years, would be dismissed for lack of prosecution after the expiration of thirty days unless within the thirty-day period upon motion of any of the parties and for good cause shown an order was obtained restoring the case to the docket. The notice of contemplated dismissal was sent by the Clerk, as required by the Rule, to the parties and their counsel "at their respective addresses, as shown on the pleadings, served in the manner provided by Maryland Rule 306." [1] Maxwell's and Green's respective addresses, as shown on the pleadings, were One Charles Center and Munsey Building; each had moved prior to August 11, 1970, the

---

1. Rule 306 provides for service of pleadings, notices, or other papers upon parties to the action and/or upon their attorneys. Subsection c 1 of the Rule specifies that service may be made upon an attorney by mailing the pleading, notice, or other paper to the attorney's office, as shown on the initial pleading filed by him. Subsection c 3 of the Rule, entitled "Presumptions in Case of Service by Mail" specifies that service by mail shall be considered as having been made in the same city or county one day after the day of mailing. Subsection d of the Rule provides that where there is no written admission of service by the attorney or party, the certificate of the person making such service, showing the date thereof and the manner in which it was made, shall be *prima facie* proof of such service.

date the Clerk's notification was mailed. No motion being made by appellees or their counsel Maxwell to restore the case to the docket, a judgment absolute for costs in appellant's favor was entered on September 28, 1970.

Approximately one year later, on September 15, 1971, Maxwell moved to reinstate the case on the docket. He claimed in his motion that while the notice may have been mailed to his One Charles Center office shown on the pleadings, he had previously moved to Two Charles Center and never received the Clerk's notice.

Appellant opposed the motion for reinstatement. He claimed that under the provisions of Maryland Rule 625 a, after the expiration of thirty days from the date judgment has been entered, the court's revisory power and control over the judgment could be exercised "only in case of fraud, mistake, or irregularity." Appellant maintained that Maxwell was notified of the contemplated dismissal, in accordance with the requirements of Supreme Bench Rule 528 L, and his failure to receive the notice did not invalidate it, particularly since Maxwell never notified the Clerk of his changed address. In these circumstances, appellant urged that the fact Maxwell may not have received the notice did not constitute "fraud, mistake or irregularity" within the meaning of Maryland Rule 625 a, and, consequently, the court was without power to strike out the judgment and reinstate the case on the docket.

At a hearing held on the motion, Maxwell testified that he had moved his office on January 1, 1970 from One Charles Center to Two Charles Center, but did not notify the Clerk of his changed address. He testified that in his opinion he had a meritorious cause of action.

The court struck out the judgment and reinstated the case on the docket; it found as a fact that Maxwell had moved his office and never received the Clerk's notice. The court held that it was the purpose of Rule 528 L to reduce the backlog of untried cases by focusing on "dead" cases; that the case before it had many "vital signs of

life"; that counsel had been in communication with each other within a month of the case's dismissal; that Rule 528 L "was never intended to perpetrate an injustice by its mere literal application." It concluded that "irregularity has occurred by failure to substantially comply with Rule 528 L, even although the Rule was applied mechanically and perfunctorily." The court expressed the opinion that under the rationale of *Mutual Benefit Society v. Haywood,* 257 Md. 538, and *Berwyn Fuel and Feed Co. v. Kolb,* 249 Md. 475, notice to counsel was not only essential but "just as important, there must be due and adequate notice to fully and substantially comply with the spirit and the intention of Rule 528 L." The court stated its disapproval of the requirement of Rule 528 L that the notice be sent to counsel's address, "as shown on the pleadings"; it believed this requirement "unrealistic, apathetic and entirely too restrictive" and thought the Clerk should have consulted the current telephone book or lawyer's directory before mailing the notice to counsel.[2]

That the total extent of the court's revisory power and control over a judgment after the expiration of thirty days from its entry is limited by Maryland Rule 625 a to cases of "fraud, mistake or irregularity" is well settled. *Meyer v. Gyro Transport Systems, Inc.,* 263 Md. 518, and cases cited at p. 527. Equally well settled is the principle that a party seeking to strike out an enrolled judgment must show not only that he is acting in good faith, and with diligence, and that he has a meritorious claim, but must also show, by clear and convincing proof, that facts and circumstances exist demonstrating that the judgment sought to be vacated was obtained as the result of "fraud, mistake or irregularity" under Maryland Rule 625 a. *Accrocco v. Splawn,* 264 Md. 527; *Berwyn Fuel and Feed Co. v. Kolb, supra; Tasea Investment Corp. v. Dale,* 222 Md. 474.

The parties are in agreement on this appeal that the

---

2. The court held that counsel acted in good faith, with ordinary diligence, and that the appellees had a meritorious cause of action.

sole issue before us is whether the judgment entered in appellant's favor on September 28, 1970 was, as found by the court below, entered as a result of an "irregularity" within the meaning of Maryland Rule 625 a.

An "irregularity" under Rule 625 a has consistently been defined as "the doing or not doing of that, in the conduct of a suit at law, which, conformable with the practice of the court, ought or ought not to be done." *Meyer v. Gyro Transport Systems, Inc., supra; Shaw v. Adams*, 263 Md. 294; *Berwyn Fuel and Feed Co. v. Kolb, supra*. Referring to this definition of an "irregularity" in *Mutual Benefit Society of Baltimore, Inc. v. Haywood,* 257 Md. 538, 541, the court presumed that "what ought or ought not to be done by our court officials must conform to the practices as defined in the Maryland Rules of Practice and Procedure."

It appears from the lower court's opinion that the "irregularity" it found to exist resulted from the failure of Maxwell to actually receive a copy of the notice of contemplated dismissal, a failure occasioned by the fact that the Clerk, in accordance with Supreme Bench Rule 528 L, sent the notice to Maxwell's office as shown on the pleadings, rather than to the office to which he subsequently had moved. But as the Clerk's action in sending the notice to Maxwell's address shown on the pleadings was in precise accord with the requirements of Rule 528 L, nothing was done or not done by him in the conduct of the case which should have been done or not done in conformity with the practice of the court. Consequently, Maxwell's non-receipt of the notice did not constitute an "irregularity" within the meaning of Maryland Rule 625 a, as defined by the Maryland cases. Of course, the fact that the Clerk did not consult the latest directories to determine Maxwell's current address did not constitute an "irregularity" within the contemplation of Maryland Rule 625 a. The Clerk was affirmatively enjoined by the provisions of Supreme Bench Rule 528 L to send the notice to counsel at the address "shown on the pleadings, served in the manner provided by Maryland Rule

306"; he did just what the Rule directed, and, having done so, no "irregularity" resulted from his action. Nor could the lower court's expressed belief that the notice provisions of Supreme Bench Rule 528 L were unwise constitute the requisite "irregularity" empowering it to vacate the judgment; until and unless the provisions of the Rule are changed, the court, as well as the Clerk, is bound to observe and apply them.

Nothing in *Mutual Benefit Society v. Haywood, supra,* relied upon by the court below, authorized it to vacate the judgment for irregularity in its obtention. That case involved a local precursor rule to what is now Supreme Bench Rule 528 L; it required dismissal, *without any notice,* of a case at issue but not placed on the consolidated trial docket for eighteen months. The court held that a judgment obtained without notice under that Rule conflicted with and was superseded by the statewide dismissal rule, Maryland Rule 530, which did require that notice of the contemplated dismissal be given the parties and their counsel. It was upon this foundation that the court found an "irregularity" to exist in a judgment so obtained. In the present case, provision for notice was contained in the governing rule and the dictates of the Rule were followed to the letter.

Nor is there anything in the *Berwyn* case, also cited by the lower court, to support its conclusion. In that case, it was held that the entry of a default judgment in compliance with the Maryland Rules but without giving notice to the defendant did not constitute an "irregularity" within the meaning of Maryland Rule 625 a.

Appellees' claim that an "irregularity" exists is predicated on the notion that because a notice is sent for the purpose that it be received, that purpose is frustrated, and an "irregularity" occurs when it is not received. They claim that while the actual receipt of copies of pleadings, notices, and other court papers may not be required by the Maryland Rules, a presumption exists under Rule 306 that they are received and where the presumption is rebutted, as here, an "irregularity" nec-

essarily results.[3] They point out that there is no rule which required counsel to notify the Clerk of his changed address. In the face of the Maryland cases defining an "irregularity" under Rule 625 a, we find no merit in appellees' position. As heretofore indicated, the Clerk followed the requirements of the controlling court rule and because the notice sent counsel in accordance with its provisions was not received does not create an "irregularity" under the Rule. While it may be true that no rule of court requires counsel to notify the Clerk of his changed address, neither does his failure to do so insulate him from the effects of non-receipt of notices mailed in accordance with the Maryland Rules.[4]

> *Order striking judgment and reinstating case on the consolidated trial docket reversed; judgment for costs in favor of appellant dated September 28, 1970 reinstated; costs to be paid by appellees.*

---

3. The record indicates that the notice of contemplated dismissal was sent to and received by appellees personally.

4. In *Pumphrey v. Grapes*, 215 Md. 573, it was held that the failure of counsel to learn of the action of the court in entering a judgment after trial was not an irregularity under Rule 625 and that there was no obligation upon the Clerk to so inform him. In *Tasea Investment Corp. v. Dale, supra*, it was held that there was no irregularity with respect to a judgment by default against a defendant who admitted having been served with suit papers which, though they were turned over to the party's insurer, had later been lost and no defense entered by the insurer. In *Penn Central Co. v. Buffalo Spring & Equipment Co.*, 260 Md. 576, 273 A. 2d 97, it was held that failure to append the warning provided in Maryland Rule G56 to interrogatories was not an irregularity when subsequently the interrogatories went unanswered despite a court order *nisi* to do so. Compare *Shaw v. Adams, supra*.