583 A.2d 731

**AUTOBAHN MOTORS, INC.**

v.

**MAYOR AND CITY COUNCIL OF BALTIMORE.**

No. 145, Sept. Term, 1989.

Court of Appeals of Maryland.

Jan. 9, 1991.

Arvin E. Rosen (Andrew L. Hartman, Siskind, Burch, Grady & Rosen, all on brief), Baltimore, for appellant.

Sandra R. Gutman, Asst. City Sol. and Richard K. Jacobsen, Chief Sol. (Neal M. Janey, City Sol., all on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, and CHASANOW, JJ., and WILLIAM H. ADKINS * and HARRY A. COLE,** Associate Judges of the Court of Appeals (retired).

HARRY A. COLE, Judge.

In this appeal we are asked to decide whether an error in a legal description contained in an Inquisition, which was inconsistent with the evidence presented at trial, constitutes

---

\* Adkins, J., now retired, participated in the hearing and conference of this case while an active member of this Court; but did not participate in the decision and adoption of this opinion.

\*\* Cole, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

an irregularity under Maryland Rule 2–535(b), sufficient to set aside an enrolled judgment.

The circumstances leading to this appeal arose in 1987 when Respondent, Mayor and City Council of Baltimore ("City"), filed a petition for condemnation of certain properties owned by Petitioner, Autobahn Motors, Inc. ("Autobahn"). A jury trial was held in the Circuit Court for Baltimore City in which the City sought to condemn 3700–3702 Hanover Street and 3645 Potee Street. The measurements for the Potee property were incorrectly described in the petition for condemnation as 87½ feet by 100 feet. At the trial the reports and testimony of the real estate appraisers and the dimensions paced off for the jurors on the view of the property indicated that the lot measurements were 87½ feet by 185 feet. The description contained in the petition was incorporated into the Inquisition, which was submitted to the jury. The City prepared both documents.

The jury assessed damages based upon the Inquisition, and judgment was entered on March 2, 1989, and became final thirty days later. Subsequently, deeds were executed conveying the Hanover and Potee properties, as described in the Inquisition, to the City. Upon review of the deed for the Potee property, the City discovered the error in the measurements and in July 1989, filed a Motion to Clarify Inquisition. In its motion, the City explained that "the ... petition, the Inquisition and ... deed [were] incomplete describing only a portion of the property sought to be condemned." The motion also set forth the correct measurements. Petitioner filed a response opposing the motion, and a hearing was set to consider the motion.

Although the City's motion did not specifically allege fraud, mistake or irregularity, the trial court, after hearing arguments, concluded that there was an irregularity under Md. Rule 2–535(b). The irregularity found by the court was as to the legal description. Accordingly, the trial court ordered that the legal description be amended to reflect the correct measurements for the Potee property. Thereafter, Petitioner filed a timely appeal in the Court of Special

Appeals. We granted certiorari before proceedings commenced in that court and shall reverse.

## I

Relying on the established definition of irregularity, expounded by this court in *Weitz v. MacKenzie,* 273 Md. 628, 331 A.2d 291 (1975), and other cases, Petitioner argues that the trial court erred in modifying the enrolled judgment. Autobahn contends that any irregularity in this case was generated by the parties, and, therefore was not the kind of irregularity contemplated by Rule 2–535(b).

In response, the City maintains that the irregularity in the instant case arose when the trial court allowed the jury to assess damages based upon an Inquisition which was inconsistent with the evidence presented at trial. The City also contends that it acted in good faith and with due diligence to correct the error. Finally, Respondent argues that reversing the trial court's ruling would be inconsistent with the policy underlying Rule 2–535 to promote finality of judgments. This policy would be ignored, the City reasons, if the trial court's ruling were reversed because the City would then be faced with the possibility of having to further litigate this matter in order to acquire the remaining 85 feet of property excluded from the description.

The revisory power of the courts is governed by Rule 2–535, which provides in pertinent part:

**Rule 2–535. REVISORY POWER**

(a) **Generally.**—On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2–534.

(b) **Fraud, Mistake, Irregularity.**—On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud,

mistake, or irregularity.[1]

Recently, in *Andresen v. Andresen*, 317 Md. 380, 564 A.2d 399 (1989) we iterated that the terms "fraud, mistake [and] irregularity" have been narrowly defined and strictly applied. 317 Md. at 389, 564 A.2d 399 (quoting *Platt v. Platt*, 302 Md. 9, 485 A.2d 250 (1984)). The parties here have limited their arguments to the propriety of the trial court's finding that there was an irregularity in the legal description which warranted setting aside the enrolled judgment. Accordingly, we will assume, without deciding, that the other grounds for setting aside the enrolled judgment—fraud and mistake—are inapplicable, and, therefor, we limit our discussion to the finding of irregularity.

Irregularity, within the meaning of Rule 2–535(b) has been defined as "the doing or not doing of that, in the conduct of a suit at law, which, conformable to the practice of the court, ought or ought not to be done." *Weitz, supra,* 273 Md. at 631, 331 A.2d 291. *See, also, Hughes v. Beltway Homes, Inc.,* 276 Md. 382, 388, 347 A.2d 837 (1975); *Berwyn Fuel and Feed Co. v. Kolb,* 249 Md. 475, 479, 240 A.2d 239 (1968); *Bowen v. Rohnacher,* 15 Md.App. 280, 285, 290 A.2d 560, *cert. denied,* 266 Md. 742 (1972). The narrow scope of irregularity as a ground for revising an enrolled judgment is further reflected in *Weitz,* where this Court explained that:

> irregularity, in the contemplation of the Rule, usually means irregularity of process or procedure ... and not an error, which in legal parlance, generally connotes a depar-

---

1. Maryland Code (1977, 1989 Repl.Vol.) § 6–408 of the Courts and Judicial Proceedings Article embodies the procedural safeguards provided in the Rule. It reads as follows:

   For a period of 30 days after the entry of a judgment, or thereafter pursuant to motion filed within that period, the court has revisory power and control over the judgment. After the expiration of that period the court has revisory power and control over the judgment only in case of fraud, mistake, irregularity, or failure of an employee of the court or of the clerk's office to perform a duty required by statute or rule.

ture from truth or accuracy of which a defendant had notice and could have challenged. (Citations omitted.) 273 Md. at 631, 331 A.2d 291.

The alleged irregularity as described by the City in the instant case, *i.e.*, the court's failure to submit to the jury an Inquisition containing a description consistent with the evidence at trial, clearly falls outside our definition of that term. The measurements for the Potee property were taken directly from the City's petition for condemnation. Moreover, the City prepared the Inquisition submitted to the jury. Quite obviously, the City overlooked the error in the measurements. To infer that it was the trial court's responsibility to identify and correct the City's typographical errors is incorrect and unsupported by authority. This case serves as a perfect example of what we described in *Weitz* as a party's departure from accuracy, which the party had knowledge of and could have corrected before the judgment became enrolled.

The City failed to establish an irregularity within the meaning of the Rule; thus, we hold that the trial court could not exercise revisory power over the enrolled judgment in this case. Therefore, it becomes unnecessary to consider whether the City also acted in good faith and with due diligence in correcting its error. These equitable principles would only come into consideration after fraud, mistake, irregularity or clerical error has been established. *See, J.T. Masonry v. Oxford*, 314 Md. 498, 506, 551 A.2d 869 (1989).

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED. COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.