635 A.2d 97

Andre A. GANTT,

v.

STATE of Maryland.

No. 718, Sept. Term, 1993.

Court of Special Appeals of Maryland.

Jan. 7, 1994.

Arthur A. DeLano, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Tarra DeShields–Minnis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Argued before MOYLAN, ALPERT and DAVIS, JJ.

DAVIS, Judge.

The question posed on this appeal is whether the trial court can modify a sentence more than ninety days after its imposition where the sentence was to run consecutively to a federal sentence that the defendant was serving on parole and the parole was not revoked as the court had anticipated.

## FACTS and PROCEDURAL HISTORY

Appellant, Andre A. Gantt, is no stranger to this Court. On March 22–23, 1989 appellant was tried by a jury in the Circuit Court for Baltimore City and convicted of possession of cocaine with intent to distribute. At the time of appellant's conviction, he was on parole from a federal sentence and a federal parole revocation warrant had been issued. On April 26, 1989 appellant was sentenced to "fifteen years to the Department of Corrections consecutive to any sentence to be served on the federal parole violation." This sentence was appealed, and we affirmed. *Gantt v. State*, 81 Md.App. 653, 569 A.2d 220 (1990).

For unknown reasons, on April 1, 1993 the federal parole revocation warrant was withdrawn. On May 17, 1993 the State filed a petition for modification of sentence, alleging that appellant's sentence was an "irregularity" within the meaning of Rule 4–345[1] because the sentence was posited on the

---

1. The Rule reads:

incorrect assumption that appellant's parole would be revoked.[2] Revocation not having occurred, the State argued that it would be "irregular" to permit appellant to remain on parole until his federal sentence ended in 2001 [3] and then be incarcerated for his Maryland conviction. Appellant argued that this very issue was addressed and decided in *Gantt* when this Court upheld appellant's sentence. The court (Prevas, J.) disagreed and on June 9, 1993 modified appellant's sentence to run concurrently with his federal sentence.

## LEGAL ANALYSIS

The holding of *Gantt* is crucial to resolution of this case. Appellant appealed his sentence, contending that it was illegal because it was consecutive to a sentence not *in esse*. Appellant argued that the mere possibility that the parole commission may revoke his parole and require him to serve the remaining sentence was not concrete enough to be a sentence *in esse*.

We rejected appellant's argument and held that a person who is on parole is serving his or her sentence outside the

---

**SENTENCING—REVISORY POWER OF COURT**

(a) **Illegal Sentence.**—The court may correct an illegal sentence at any time.

(b) **Modification or Reduction—Time for.**—The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an appeal has been filed. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity, or as provided in section (d) of this Rule. The court may not increase a sentence after the sentence has been imposed, except that it may correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding.

2. On May 21, 1993 appellant filed a petition for writ of Habeas Corpus, alleging that he was illegally confined. The petition was denied without a hearing on June 16, 1993.

3. Appellant's federal sentence is not part of the record, and from his brief it is uncertain as to whether his federal sentence expires February 5, 2000 or 2001.

prison walls. "Thus, a judge sentencing a parolee on a subsequent offense may make that subsequent sentence consecutive to the sentence the parolee is serving, i.e., the sentence from which he is on parole." *Gantt*, 81 Md.App. at 660–61, 569 A.2d 220. We explained that parole is merely an administrative act "concerned primarily with removing a person from within the walls of prison, to serve his sentence elsewhere, or to return him behind the walls upon the violation of the administrative conditions of parole." *Id.* at 660, 569 A.2d 220. Parole is not a sentencing by a judge. In essence, we understood appellant's sentence of "fifteen years . . . consecutive to any sentence to be served on the federal parole violation" as the functional equivalent of "fifteen years consecutive to your current sentencing for which you are perforce serving parole." We reasoned that a convicted person on parole is still serving his/her sentence, just in different form. A parole violator may or may not be returned to jail; nonetheless, the sentence term continues uninterrupted.

As important as what we held in *Gantt* is what we refused to hold—that appellant's sentence was illegal for failure of a prior sentence *in esse*. Having found that a sentence that a convict is serving on parole is *in esse*, we were quick to realize the unfortunate and grave implications of our holding. If a sentence is consecutive to a sentence of another jurisdiction, which the convict is serving, the other jurisdiction is not bound by our sentence to revoke parole. As a result, an anomalous situation may arise where a convict is free from physical restraint until his foreign sentence runs out.

In *State v. Parker*, 93 Md.App. 597, 613 A.2d 1020 (1992), *cert. granted*, 329 Md. 338, 619 A.2d 547 (1993), we were faced with a closely related situation. Parker was formally charged with murder and related offenses arising from an incident in Maryland and was also facing unrelated federal charges for a bank robbery. Parker chose to plead guilty to both state and federal charges. Parker pled guilty to one count of bank robbery in federal court and accepted a sentence of twenty years in federal prison. The prosecution, in turn, bound itself to a recommendation that Parker not receive more than a

twenty year prison term for his Maryland charges and recommended that his Maryland sentence run concurrent to his federal sentence.

Nearly seven years after his Maryland sentencing, Parker was paroled from federal prison and remanded to the custody of the Maryland Division of Corrections to complete the balance of his Maryland sentence. A post-conviction hearing was held, and the hearing court granted Parker's motion for release from the custody of the Division of Corrections. The State appealed. Applying *Gantt,* we affirmed the post-conviction court because Parker's sentence was concurrent to his federal sentence that had not yet ended. Parker's parole from federal prison did not terminate his federal sentence. Thus, Parker remained free from physical restraint.

As irony would have it, *Gantt* portended the case *sub judice.* The law of *Gantt,* for better or for worse, answered affirmatively the question of whether appellant's sentence was legal. The interrogative left unanswered, in express terms, was whether our courts have the remedial power to amend a consecutive sentence that would permit a convict to remain free from physical restraint on parole from the federal jurisdiction. More precisely, is this situation an "irregularity" within the meaning of Rule 4–345? We do not find that appellant's sentence is an irregularity.

Determination of what constitutes an irregularity in the context of Rule 4–345 has not heretofore been addressed. Irregularity has been addressed in the context of Rule 2–535(b) and § 6–408 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code (CJ), both of which address the trial court's power to revise an enrolled judgment. In the context of judgments, it is well settled that an "irregularity" is "the doing or not doing of that, in the conduct of a suit at law, which, conformable to the practice of the court, ought or ought not to be done." *Autobahn Motors, Inc. v. Mayor of Baltimore,* 321 Md. 558, 562, 583 A.2d 731 (1991), quoting *Weitz v. MacKenzie,* 273 Md. 628, 631, 331 A.2d 291 (1975); *see also Hughes v. Beltway Homes, Inc.,* 276 Md. 382,

388, 347 A.2d 837 (1975); *Berwyn Fuel & Feed Co. v. Kolb*, 249 Md. 475, 479, 240 A.2d 239 (1968). Moreover, irregularity as a ground for revising an enrolled judgment usually contemplates an irregularity of process or procedure but "not an error, which in legal parlance, generally connotes a departure from truth or accuracy of which a defendant had notice and could have challenged." *Autobahn*, 321 Md. at 562–63, 583 A.2d 731.

We discern no reason to find that the term "irregular," as drafted in Rule 4–345, was intended to be broader than that of Rule 2–535 or CJ § 6–408. The State has not alleged any error of process or procedure. In addition, our reading of *Gantt* and *Parker* leads us to the conclusion that appellant's sentence was not otherwise irregular. The result was certainly not desired,[4] but it was a result clearly prophesied by this Court in *Gantt* and upheld in *Parker*. Admittedly, the question of sentence modification was not addressed in *Gantt* or *Parker*; however, these cases have established a standard and practice by which to measure an alleged irregularity. In *Gantt* we upheld this very sentence, and in *Parker* we permitted a Maryland convict to remain free from restraint because his sentence was concurrent to a federal sentence that he was serving on parole.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED, AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.**

---

**4.** Control over a sentence *in futuro* is probably better effectuated by retention of the revisory power of the trial court via a motion for modification or reduction of sentence under Md.Rule 4–345, filed within ninety days of imposition of sentence, but not acted upon. *See, infra*, n. 1. Alternatively, under limited circumstances, the specific starting date may be indicated, thereby removing the happening of an uncertain event as a precondition.