SALMON, J.
 

 Alfonso Minger (“Minger”) was convicted in 1996 by a jury in the Circuit Court for Montgomery County of felony murder and conspiracy to commit robbery with a dangerous weapon.
 
 *160
 
 He was acquitted of robbery with a dangerous weapon and use of a handgun in the commission of a crime of violence. After sentencing, Minger appealed to this Court. The judgment of conviction was affirmed in an unreported decision,
 
 Minger v. State,
 
 No. 1589, September Term 1996 (filed Oct. 15, 1997).
 

 In 2002, Minger filed a motion to set aside the judgments of convictions due to “mistake or irregularity.” The motion was denied by the circuit court. Minger appeals from that denial and raises two questions:
 

 1. Did the trial court’s instruction [in the 1996 trial] regarding felony murder improperly suggest that a finding of guilt regarding a misdemeanor conspiracy count may provide the legal predicate for a conviction for felony murder?
 

 2. If the trial court’s instruction regarding felony murder was defective, was the error a “mistake” or “irregularity” for which relief may be granted?
 

 FACTS
 

 The State proved at appellant’s 1996 trial that Christopher Westerman died in his Gaithersburg home on January 16, 1995, after having been shot ten times during the course of an armed robbery. The State also presented evidence, if believed, that appellant participated in the robbery but did not personally kill Westerman. The killing was done by one of appellant’s colleagues who was also participating in the robbery.
 

 The judge in appellant’s 1996 trial instructed the jury,
 
 inter alia,
 
 as follows:
 

 The defendant is charged -with a crime of first degree felony murder. In order to convict the defendant of first degree felony murder, the State must prove, first that the defendant or another participating in the crime with the defendant committed a robbery with a dangerous weapon.
 

 Second, that the defendant or another participating in the crime killed the victim. And third, that the act resulting in
 
 *161
 
 the death of the victim occurred during the commission of the robbery with a dangerous weapon.
 

 It is not necessary for the State to prove that the defendant intended to kill the victim.
 

 The foregoing instruction was in exact conformity with Maryland Criminal Pattern Jury Instruction 4:17.7.
 
 [1]
 

 In his earlier appeal to this Court, Minger made several arguments, one of which was that it was impermissible for the jury to find him guilty of felony murder but not guilty of the underlying felony, i.e., robbery with a dangerous weapon. A panel of this Court rejected that contention, saying:
 

 [T]he question posed by this case is whether the State can convict a defendant of felony murder if it does, in fact, indict him with the underlying felony but does not obtain a conviction on that count. We believe it can.
 

 Minger v. State,
 
 slip op. at 25.
 

 In December 1999, Minger filed a petition for post-conviction relief alleging that his trial counsel was ineffective. That petition was denied.
 

 The motion that has resulted in this appeal was filed on October 7, 2002, and was founded upon Rule 4-331 (b), which, in pertinent part, reads:
 

 (b) Revisory power. The court has revisory power and control over the judgment to set aside an unjust or improper verdict and grant a new trial:
 

 
 *162
 
 (2) in the circuit courts, on motion filed within 90 days after its imposition of sentence.
 

 Thereafter, the court has revisory power and control over the judgment in case of fraud, mistake, or irregularity.
 

 (Emphasis added.)
 

 Minger claimed in his 4-3Sl(b) motion that he was entitled to a new trial because the portion of the instruction (quoted above) was confusing. According to Minger, that confusion may well have led jurors to believe (mistakenly) that they need not believe him to be guilty of the underlying felony (robbery with a dangerous weapon) in order to convict him of felony murder.
 

 Appellant maintained that the “erroneous” jury instruction amounted to “mistake” or “irregularity” as those words are used in Rule 4-331(b).
 

 According to appellant, the fact that a mistake or irregularity took place is demonstrated by the case of
 
 Bates v. State,
 
 127 Md.App. 678, 736 A.2d 407 (1999). In
 
 Bates,
 
 one of the defendants, Nicholas Beharry, was convicted of felony murder and conspiracy to commit armed robbery but acquitted of the underlying felony (armed robbery). The trial judge in
 
 Bates
 
 gave an instruction as follows:
 

 “In order to convict the defendants of first degree felony murder, the State must prove that the defendant or another participating in the crime with the defendant
 
 committed the murder in question,
 
 and that, in fact, the defendant, or another participating in the crime with the defendant, killed the victim in question, Clayton Culbreth, and that the act resulting in the death of Clayton Culbreth occurred during the commission or attempted commission of the robbery with which the defendants have been charged. It is not necessary for the State to prove that the defendants intended to kill the victim.”
 

 Bates,
 
 127 Md.App. at 696, 736 A.2d 407 (emphasis added).
 

 It is important to note that the first sentence of the felony murder instruction given in
 
 Bates
 
 deviates from the pattern
 
 *163
 
 jury instruction. Instead of saying, as the pattern jury instruction does, that the State must prove “that the defendant or another participating in the crime with the defendant committed an
 
 armed robbery,”
 
 the judge in
 
 Bates
 
 told the jury that in order to convict of felony murder the State must prove “that the defendant or another participating in the crime committed the
 
 murder
 
 in question.”
 

 We said in
 
 Bates:
 

 [T]he court never instructed the jury that in order to find Beharry guilty of felony murder, it had to find him guilty of armed robbery or attempted armed robbeiy. The court’s instruction on felony murder suggested that Beharry could be found guilty if the victim was killed during an attempted robbeiy
 
 by Bates,
 
 so long as Beharry participated with Bates in the commission of some unspecified crime. On this instruction, the jury could have found Beharry guilty of felony murder even if it believed that he did not participate in the attempted armed robbery.... In light of the inconsistent verdicts, we have no doubt that the jury was affirmatively misled by the court’s instructions.
 

 Id.
 
 at 696-97, 736 A.2d 407.
 

 A hearing was held on January 31, 2003, on appellant’s motion for new trial. The motions judge denied the Rule 4-331(b) motion after pointing out, as we have done, that the jury in
 
 Bates
 
 was not told that, in order to be guilty of felony murder, the defendant, or another participating in the crime with him, committed armed robbery, but in the case at hand, the jury was told this specifically.
 

 ANALYSIS
 

 A.
 
 Did Minger’s Rule 4-331(b) motion allege facts demonstrating either “mistake” or “irregularity” within the meaning of Maryland Rule 4 331?
 

 Assuming, purely for the sake of argument, that the instruction in the subject case was erroneous, we hold that a mere error in instructions, even one that prejudices the defen
 
 *164
 
 dant, does not constitute either “mistake” or “irregularity” within the meaning of Rule 4-331 (b).
 

 In support of his contention that an erroneous jury instruction constituted either a “mistake” or an “irregularity” within the meaning of Rule 4—831(b), appellant relies on
 
 Merritt v. State,
 
 367 Md. 17, 785 A.2d 756 (2001), and
 
 Cutchin v. State,
 
 143 Md-App. 81, 792 A.2d 359 (2002). In
 
 Merritt,
 
 the Court of Appeals held that the trial judge erred in denying a motion for new trial after it was discovered that documents never admitted at trial were sent to the jury room. 367 Md. at 34-36, 785 A.2d 756. The holding in
 
 Cutchin, supra,
 
 was very similar to that in
 
 Merritt, supra.
 
 In
 
 Cutchin,
 
 the trial judge redacted certain documents prior to admitting them into evidence; nevertheless, the unredacted version of those documents was sent to the jury room. 143 Md. at 95-96, 121 A. 911. We held in
 
 Cutchin
 
 that the trial court abused its discretion in denying the defendant’s new trial motion based on the fact that the unredacted documents were sent to the jury.
 
 Id.
 
 at 97, 792 A.2d 359.
 

 Neither
 
 Cutchin
 
 nor
 
 Merritt
 
 even mention the “fraud, mistake, or irregularity” standard. There is a simple explanation for this. In both of those cases the new trial motion was filed within ten days of trial.
 
 [2]
 
 New trial motions filed within ten days after a verdict are governed by Rule 4-331(a), which reads:
 

 (a) Within ten days of verdict. On motion of the defendant filed within ten days after a verdict, the court, in the interest of justice, may order a new trial.
 

 In
 
 Love v. State,
 
 95 Md.App. 420, 427, 621 A.2d 910 (1993), we said:
 

 The list of possible grounds for the granting of a new trial by the trial judge within ten days of the verdict is virtually open-ended. In
 
 State v. Devers,
 
 260 Md. 360, 374, 272 A.2d
 
 *165
 
 794 (1971), the Court of Appeals quoted from Hochheimer,
 
 The Law of Crimes and Criminal Procedure
 
 § 184 at 209-210 (2d ed.1904), in setting out an illustrative list of possible grounds:
 

 “The principal grounds for granting a new trial are, that the verdict was contrary to the evidence; newly discovered evidence; accident and surprise; misconduct of jurors or the officer having them in charge; bias and disqualification of jurors (disqualification not entitling to a new trial, however, if there was opportunity to challenge); misconduct or error of the judge; fraud or misconduct of the prosecution,
 
 e.g.,
 
 abuse of argument.”
 

 Since that decision in 1971, the grounds for a new trial under this subsection have, indeed, been further expanded. It was the holding of
 
 State v. Devers
 
 that a new trial could be granted on grounds of evidentiary insufficiency only in the case where the evidence was so legally insufficient, as a matter of law, that it could not, even if believed totally and given maximum weight, support the verdict. Since that time, the decision in the case of
 
 In re Petition for Writ of Prohibition,
 
 312 Md. 280, 539 A.2d 664 (1988), has overruled that limiting provision of
 
 State v. Devers
 
 and empowered the trial judge to grant a new trial not simply when the evidence is legally insufficient as a matter of law but also when the verdict, in the judgment of the trial judge, is so against the weight of the evidence as to constitute a miscarriage of justice.
 
 In re Petition for Writ of Prohibition,
 
 312 Md. at 326, 539 A.2d 664. This broader latitude is in keeping with the provision of subsection (a) that a judge may order a new trial “in the interest of justice.”
 

 This broad base for awarding a new trial is tightly circumscribed by the timeliness requirement that the Motion be filed “within ten days after a verdict.”
 

 As will be seen, the “virtually open-ended” grounds for a new trial under section (a) of Rule 4-331 stands in sharp contrast to those new trial motions that must meet the “fraud, mistake, or irregularity” standard under section (b) of 4-331.
 

 
 *166
 
 Appellant claims that the breadth of the terms “mistake” and “irregularity” as used in Rule 4-331(b) is “suggested by the treatment this [c]ourt gave” to an error in instructions in the
 
 Bates
 
 case, even though “no party preserved the error in the trial court.”
 
 [3]
 
 In the
 
 Bates
 
 case, counsel for Beharry orally moved to set aside Beharry’s felony murder conviction pursuant to Maryland Rule 4-331(b). Beharry argued in his new trial motion that the finding of guilt as to felony murder was inconsistent with his acquittal of both armed robbery and attempted armed robbery, which were the only possible underlying felonies.
 
 Bates,
 
 127 Md.App. at 692, 736 A.2d 407. Beharry’s counsel pointed out in his motion for new trial that conspiracy to commit armed robbery (a misdemeanor), of which he was convicted, was an inadequate predicate for a felony murder conviction.
 
 Id.
 
 On appeal, appellant reiterated that argument and asserted, apparently for the first time, that the trial court “never instructed the jury that it could only convict [him] of felony murder if it found him guilty of armed robbery or attempted armed robbery.”
 
 Id.
 
 at 693, 736 A.2d 407. In
 
 Bates,
 
 we recognized plain error in the court’s instructions and reversed Beharry’s felony murder conviction.
 
 Id.
 
 at 694-700, 736 A.2d 407.
 

 Appellant’s argument that the
 
 Bates
 
 case demonstrates the expansive nature of the terms “mistake” and “irregularity” as used in 4-331(b) is without merit. The
 
 Bates
 
 Court never mentioned the “fraud, mistake, or irregularity” standard. Again, there was a sound reason for that omission. In
 
 Bates,
 
 the new trial motion was filed prior to sentencing.
 
 Id.
 
 at 692, 736 A.2d 407. Although we held in
 
 Bates
 
 that the court erred in denying a new trial motion, we did so because there was “plain error” in the court’s jury instruction.
 
 Id.
 
 at 699-700, 736 A.2d 407. In cases where a new trial motion is filed within ninety days of sentencing, a court may set aside a verdict upon a showing that the verdict was “unjust” or
 
 *167
 
 “improper.” A plain-text reading of Rule 4-331(b) shows that the “unjust” or “improper” standard is not synonymous with the “fraud, mistake, or irregularity” standard.
 

 This leads us to the task of determining the meaning of the words “mistake or irregularity” as used in Rule 4—331(b). Our research has uncovered no cases where the “fraud, mistake, or irregularity” standard has been defined in the context of a Rule 4—331(b) new trial motion. And counsel for the parties have directed us to no case on point.
 

 The phrase “fraud, mistake, or irregularity” first appeared in the Maryland Rules in 1956 when Rule 625 was adopted. Rule 625 applied to civil cases and is the predecessor to Rule 2-535,
 
 [4]
 
 which is now in effect. Rule 625 read:
 

 Revisory Power of Court over Final Judgment
 

 For a period of thirty days after the entry of judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of
 
 fraud, mistake or irregularity.
 

 
 *168
 
 (G.R.P.P. Pt. Two, VI, Rule 1.)
 

 (Emphasis added.)
 

 The phrase first appeared in the context of a rule governing criminal procedures in 1961, when the Court of Appeals adopted Rule 764,
 
 viz:
 

 Revisory Power of Court.
 

 a.
 
 Illegal Sentence
 

 The court may correct an illegal sentence at any time. (Rule 744 a.)
 

 b.
 
 Modification or Reduction—Time for.
 

 For a period of ninety (90) days after the imposition of a sentence, or within ninety (90) days after receipt by the court of a mandate issued by the Court of Appeals upon affirmance of the judgment or dismissal of appeal, or thereafter, pursuant to motion filed within such period, the court shall have revisory power and control over the judgment or other judicial act forming a part of the proceedings. The court may, pursuant to this section, modify or reduce, but shall not increase the length of a sentence. After the expiration of such period, the court shall have such revisory power and control only in case of
 
 fraud, mistake, or irregularity.
 
 (Cf. Rule 744 c.)
 

 c.
 
 Bastardy, Desertion and Non-Support Cases.
 

 Notwithstanding the provisions of section b of this Rule, the court in a case involving bastardy, desertion, and nonsupport of wife, children or destitute parents, may at any time before expiration of sentence, reduce, change or modify or suspend the sentence or place the accused upon probation upon such conditions and terms as the court may impose. (Rule 744b; G.R.P.P. Pt. Four, I, Rule 10.)
 

 (Emphasis added.)
 

 There are no minutes from the Rules Committee discussions concerning the formation of either Rule 625 or Rule 764.
 

 The substance of former Rule 764 is now found in Rule 4-345(b), which reads:
 

 
 *169
 
 Modification or reduction—Time for. The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an appeal has been filed.
 
 Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity,
 
 or as provided in section (e)[
 
 5
 
 ] of this Rule. The court may not increase a sentence after the sentence has been imposed, except that it may correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding.
 

 (Emphasis added.)
 

 In
 
 Gantt v. State,
 
 99 Md.App. 100, 635 A.2d 97 (1994), the appellant sought to modify his sentence more than ninety days after it was imposed based on an alleged “irregularity,”
 
 id.
 
 at 101, 635 A.2d 97, and the Court was called upon to define the term “irregularity,” as used in Rule 4-345. Judge Davis, writing for this Court, said:
 

 Determination of what constitutes an irregularity in the context of Rule 4-345 has not heretofore been addressed. Irregularity has been addressed in the context of Rule 2-535(b) and § 6-408 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code (CJ), both of which address the trial court’s power to revise an enrolled judgment. In the context of judgments, it is well settled that an “irregularity” is “the doing or not doing that, in the conduct of a suit at law, which, conformable to the practice of the court, ought or ought not to be done.”
 
 Autobahn Motors, Inc. v. Mayor of Baltimore,
 
 321 Md. 558, 562, 583 A.2d 731 (1991), quoting
 
 Weitz v. MacKenzie,
 
 273 Md. 628, 631, 331
 
 *170
 
 A.2d 291 (1975);
 
 see also Hughes v. Beltway Homes, Inc.,
 
 276 Md. 382, 388, 347 A.2d 837 (1975);
 
 Berwyn Fuel & Feed Co. v. Kolb, 249
 
 Md. 475, 479, 240 A.2d 239 (1968). Moreover, irregularity as a ground for revising an enrolled judgment usually contemplates an irregularity of process or procedure but “not an error, which in legal parlance, generally connotes a departure from truth or accuracy of which a defendant had notice and could have challenged.”
 
 Autobahn, 321
 
 Md. at 562-63, 583 A.2d 731.
 

 We discern no reason to find that the term “irregular, ” as drafted in Rule U-3k5, was intended to be broader than that of Rule 2-535 or CJ § 6-108.
 

 (Emphasis added.)
 

 More recently, in
 
 State v. Rodriguez,
 
 125 Md.App. 428, 725 A.2d 635 (1999), we interpreted the word “fraud” as used in Rule 4-345(b) to have the same meaning as the word “fraud” as set forth in Rule 2-535(b).
 
 Id.
 
 at 448-49, 725 A.2d 635.
 

 The present-day Rule 4-331 (b) has its origin in Rule 770, which applied to criminal cases and became effective on July 1, 1977. Rule 770(c) provided:
 

 Revisory Power of Court.
 

 For a period of 90 days after the imposition of a sentence, or thereafter, pursuant to a motion filed within that period, the court has revisory power and control over the judgment to set aside an unjust or improper verdict and grant a new trial. After the expiration of that period, the court has
 
 revisory power and control over the judgment only in case of fraud, mistake or irregularity.
 

 (Emphasis added.)
 

 There are no minutes of the Rules Committee reflecting any discussion of the intended meaning of the phrase “fraud, mistake, or irregularity” when Rule 770 was adopted and, as far as we can determine, no appellate cases defining that phrase as used in Rule 770. Nevertheless, in regard to Rule 4—331(b), we said in
 
 dicta,
 
 in
 
 Skok v. State,
 
 124 Md.App. 226, 242-43 n. 8, 721 A.2d 259 (1998):
 

 
 *171
 
 Although no Maryland cases have been found that discuss the phrase “fraud, mistake, or irregularity” as used in Rule 4-331 (b), numerous cases have discussed those words when interpreting Rule 2-535.[
 
 6
 
 ]
 
 See Tandra S. v. Tyrone W.,
 
 336 Md. 303, 315-18, 648 A.2d 439 (1994), [
 
 superseded on other-grounds by amendment to
 
 Md.Code Ann., Fam. Law § 5-1038(a) (1995),] and cases cited therein. The word “mistake” as used in Rule 2-535(b) is “limited to a jurisdictional error, i.e., where the court has no power to enter judgment.”
 
 Id.
 
 at 317, 648 A.2d 439. As for the term “irregularity,” the Court in
 
 Tandra S.
 
 said:
 

 As a grounds for revising an enrolled judgment, irregularity, as well as fraud and mistake, has a very narrow scope.
 
 See Autobahn [v. Mayor of Balt],
 
 321 Md. [558,] 562, 583 A.2d 731 [ (1991) ]. In
 
 Weitz [v. MacKenzie
 
 ], 273 Md. [628,] 631, 331 A.2d 291 [ (1975) ], we explained that:
 

 “irregularity, in the contemplation of the rule, usually means irregularity of process or procedure ... and not an error, which in legal parlance, generally connotes a departure from truth or accuracy of which a defendant had notice and could have challenged.”
 

 An example of an irregularity that would permit a court to set aside a judgment existed in
 
 Maryland Lumber v. Savoy Constr. Co.,
 
 286 Md. 98, 405 A.2d 741 (1979). In that case, we held that the failure of a clerk to notify a party of an entry of judgment constituted an irregularity, justifying the court to set aside the enrolled judgment.
 
 Id.
 
 at 100-01, 405 A.2d 741.
 

 Id.
 
 at 318, 648 A.2d 439.
 

 
 *172
 
 The civil counterpart to Rule 4-331 is Rule 2-533 and Rule 2-535.
 
 See Isley v. State,
 
 129 Md.App. 611, 623, 743 A.2d 772 (2000). As pointed out in
 
 Skok, supra,
 
 the phrase “fraud, mistake, or irregularity” has a well established meaning as the words are used in Rule 2-535(b). We can think of no reason why the words should be interpreted differently in construing the same phrase in the context of Rule 4-331(b). Moreover, as this case illustrates, there are strong public policy reasons why the phrase “fraud, mistake, or irregularity” should be given a narrow interpretation, consonant with the reading given to the same terms in Rule 2-535(b). If, as appellant contends, “mistake” or “irregularity” were to encompass prejudicial trial court errors, such as errors in instructions never objected to at trial or even on direct appeal, almost no criminal conviction would be safe from belated attack. A convicted defendant could hold back a claim of error, wait until key witnesses die or move away, then complain of an “error” by way of a new trial motion. Such an interpretation of Rule 4-331(b), to say the least, would not comport with the main goal of the Maryland Rules of Procedure, which is to eliminate “unjustifiable expense and delay.”
 
 See
 
 Md. Rule l-201(a) (stating that the Maryland Rules of Procedure are to “be construed to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay”). Therefore, although neither we nor the Court of Appeals have heretofore ever explicitly held that the words “fraud, mistake or irregularity” mean the same thing in Rule 4-331(b) as in Rule 2-535(b), we now hold that they do.
 

 As we pointed out in
 
 dicta
 
 in
 
 Skok, supra,
 
 “mistake,” as used in Rule 2-535(b), has uniformly been interpreted to mean jurisdictional error only. 124 Md.App. at 242 n. 8, 721 A.2d 259;
 
 see also Tandra S.,
 
 336 Md. at 317, 648 A.2d 439 (citing
 
 Hamilos v. Hamilos,
 
 297 Md. 99, 107, 465 A.2d 445 (1983)). “The typical kind of mistake occurs when a judgment has been entered in the absence of valid service of process; hence, the court never obtains personal jurisdiction over a party.... [Mistakes justifying a revision under the Rule are confined to
 
 *173
 
 jurisdictional mistakes.”
 
 Tandra S.,
 
 336 Md. at 317, 318, 648 A.2d 439.
 

 In
 
 Hughes v. Beltway Homes, Inc.,
 
 276 Md. 382, 386-87, 347 A.2d 837 (1975), the Court of Appeals listed numerous examples of non-jurisdictional mistakes that would
 
 not
 
 permit a court to exercise its revisory power,
 
 viz:
 

 [A] mechanics’ lien foreclosure case making reference to the wrong lot; to the mistaken belief of out-of-state counsel that the Maryland procedure relative to attachment was similar to that in his state, which belief brought about a judgment by default; to the negligence or mistake of the agents and counsel of a complaining party; to failure to attach a ledger card to an affidavit with a motion for summary judgment or the failure of counsel to file an appropriate pleading prior to the expiration of the time specified by rule; to a finding that a judgment by default was based upon vouchers, some of which were in the name of the defendant, some in the name of a corporation, and some in the name of another person; to a mistaken determination that summary judgment should be entered against a defendant; or to a failure by parties defendant to inform their attorneys of the defenses that they had....
 

 (Citations omitted.)
 

 The
 
 Hughes
 
 Court went on to say that the type of situation in which “mistake” (as used in the predecessor to Rule 2-535(b)) would be said to have occurred was presented in
 
 Miles v. Hamilton,
 
 269 Md. 708, 309 A.2d 631 (1973), where the defendant was not validly served with process but nevertheless a judgment was entered against him.
 
 Id.
 
 at 387, 347 A.2d 837;
 
 see also Harvey v. Slacum,
 
 181 Md. 206, 210-11, 29 A.2d 276 (1942) (setting aside enrolled judgment where there had been no service of process upon the defendant).
 

 No jurisdictional error was alleged in Minger’s motion. Therefore, no “mistake” within the meaning of the Maryland Rule 4-331 (b) occurred.
 

 Irregularities warranting the exercise of revisory powers most often involve a judgment that resulted from a failure
 
 *174
 
 of process or procedure by the clerk of a court, including, for example, failures to send notice of a default judgment, to send notice of an order dismissing an action, to mail a notice to the proper address, and to provide for required publication.
 

 Applying this narrow concept of “irregularity,”
 
 the Court of Appeals consistently has rejected attempts to exercise revisory power over judgments that have been called into question on their merits, rather than on the basis of questionable procedural provenance. The Court has refused to characterize challenges to the substance of judgments that were obtained through appropriate procedures as “irregularities.
 
 ”
 

 Thacker v. Hale,
 
 146 Md.App. 203, 219-20, 806 A.2d 751 (2002) (citations omitted) (emphasis added);
 
 see also Hagler v. Bennett,
 
 367 Md. 556, 563-64, 790 A.2d 6 (2002) (refusing to strike an enrolled judgment entered against a defendant who was served with process after a showing that the defendant was not the person intended to be sued by the plaintiff);
 
 Autobahn Motors, Inc. v. Mayor of Balt.,
 
 321 Md. 558, 583 A.2d 731 (1991) (error in legal description contained in inquisition in condemnation proceeding did not constitute “irregularity” under Rule 2 535(b));
 
 Home Indem. Co. v. Killian,
 
 94 Md.App. 205, 217, 616 A.2d 906 (1992) (holding that entry of judgment in accordance with mandate erroneously issued by this Court was
 
 not
 
 an irregularity because “[w]hen the judgments at issue here were entered, their entry was entirely conformable with the practice of the court that entered them”).
 
 But see Md. Lumber v. Savoy Constr. Co., Inc.,
 
 286 Md. 98, 405 A.2d 741 (1979) (failure of clerk to notify party of entry of judgment constituted “irregularity,” allowing the court to set aside enrolled judgment);
 
 Mut. Benefit Soc. of Balt., Inc. v. Haywood,
 
 257 Md. 538, 263 A.2d 868 (1970) (finding dismissal of action without notice an “irregularity” within rule governing courts’ revisory power).
 

 Under our cases, an irregularity which will permit a court to exercise revisory powers over an enrolled judgment has been consistently defined as the doing or not doing of that,
 
 *175
 
 in the conduct of a suit at law, which, conformable with the practice of the court, ought or ought not to be done. As a consequence, irregularity, in the contemplation of the Rule, usually means irregularity of process or procedure,
 
 not an error, which in legal parlance, generally connotes a departure from truth or accuracy of which a defendant had notice and could have challenged.
 

 Weitz,
 
 273 Md. at 631, 331 A.2d 291 (citations omitted) (emphasis added).
 

 The appellant could have challenged the court’s instruction on direct review or, if he contended that his trial counsel was ineffective by failing to object at trial, in a post-conviction hearing. Therefore, no “irregularity,” as the term is used in Rule 4-331(b), occurred when the trial judge, in 1996, “erred” in his instructions, even if, as appellant claims, the “error” was prejudicial.
 

 Aside from failing to allege fraud, mistake, or irregularity in his Rule 4-331(b) motion, Minger’s motion was also fatally defective because he failed to allege or in any way demonstrate that he acted with ordinary diligence. This is a prerequisite to a successful 4-331 (b) motion filed outside the ninety-day limit.
 
 See Skok,
 
 124 Md.App. at 241-44, 721 A.2d 259.
 
 See also Rodriguez,
 
 125 Md.App. at 448-49, 725 A.2d 635, which, relying on
 
 Skok, supra,
 
 adopted a “due diligence” requirement when applying the “fraud, mistake, or irregularity” standard under Rule 4-345(b).
 

 B.
 
 Merits
 

 Even if it were true, as Minger contends, that an error in a jury instruction constituted a “mistake” or “irregularity” within the meaning of Rule 4—331(b), Minger would not benefit.
 
 Bates,
 
 upon which Minger relies, is clearly distinguishable from the case at hand. The confusion created by the instruction given in
 
 Bates
 
 could not possibly have arisen in the subject case because the trial judge in this case unambiguously told the jury that, in “order to convict the defendant of first degree felony murder, the State must prove, first that the
 
 *176
 
 defendant or another participating in the crime with the defendant[,] committed a robbery with a dangerous weapon.” And, as mentioned earlier, the deficiency that caused the reversal in
 
 Bates
 
 was that the trial judge “never instructed the jury that in order to find Beharry guilty of felony murder, [the jury] had to find him guilty of armed robbery or attempted armed robbery.”
 
 Bates,
 
 127 Md.App. at 696, 736 A.2d 407.
 

 Appellant maintains that the Pattern Jury Instructions and the instruction used in this case are ambiguous. According to appellant, telling the jury that “the State must prove ... first, that the defendant^] or another participating in the crime with the defendant^] committed a robbery with a dangerous weapon” creates an ambiguity because (1) the word “participating” is not defined and (2) the words of the instruction could be interpreted to mean that participation in a misdemeanor, such as conspiracy to commit armed robbery, would suffice. We reject those contentions. In the context of the entire felony murder instruction, there was nothing ambiguous about the word “participation.” Moreover, in context, “the crime” referred to was obviously “robbery with a dangerous weapon.”
 

 JUDGMENT AFFIRMED;
 

 COSTS TO BE PAID BY APPELLANT.
 

 [1]
 

 . Appellate courts in Maryland strongly favor the use of pattern jury instructions. In
 
 Green v. State,
 
 127 Md.App. 758, 771, 736 A.2d 450 (1999), we said:
 

 LT jlie wise course of action [for trial judges] is to give instructions in the form, where applicable, of our Maryland Pattern Jury Instructions. Those instructions have been put together by a group of distinguished judges and lawyers who almost amount to a "Who's Who” of the Maryland Bench and Bar. Many of these instructions have been passed upon by our appellate courts.
 

 Id.
 

 [2]
 

 . We take judicial notice of the trial court docket entries in
 
 Merritt
 
 and
 
 Cutchin,
 
 both
 
 supra,
 
 which establish that the new trial motions in those cases were filed within ten days of the jury verdict.
 

 [3]
 

 .
 
 Minger
 
 also claims that, in
 
 Bates,
 
 the court’s error in instruction was not raised on appeal. Appellant is mistaken in that regard.
 
 See Bates,
 
 127 Md.App. at 693, 736 A.2d 407.
 

 [4]
 

 . Maryland Rule 2-535 reads:
 

 (a) Generally. On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2-534.
 

 (b) Fraud, mistake, irregularity. On motion of any party filed at any time, the court may exercise revisory power and control over the judgment
 
 in case of fraud, mistake, or irregularity.
 

 (c) Newly-discovered evidence. On motion of any party filed within 30 days after entry of judgment, the court may grant a new trial on the ground of newly-discovered evidence that could not have been discovered by due diligence in time to move for a new trial pursuant to Rule 2-533.
 

 (d) Clerical mistakes. Clerical mistakes in judgments, orders, or other parts of the record may be corrected by the court at any time on its own initiative, or on motion of any party after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed by the appellate court, and thereafter with leave of ihe appellate court.
 

 (Emphasis added.)
 

 [5]
 

 . Subsection (e) of Rule 4-345 reads:
 

 Desertion and non-support cases. At any time before expiration of the sentence in a case involving desertion and non-support of spouse, children or destitute parents, the court may modify, reduce, or vacate the sentence or place the defendant on probation under the terms and conditions the court imposes.
 

 [6]
 

 . Section 6-408 of the Courts and Judicial Proceedings Article of the Maryland Code also speaks to a court's revisory power over a judgment in a civil case and provides, in part, “After the expiration of [thirty days] the court has revisory power and control over the judgment only in cases of fraud, mistake, irregularity, or failure of an employee of the court or of the clerk's office to perform a duty required by statute or rule.” The statute is substantively identical to Maryland Rule 2—535(b).