## MUTUAL BENEFIT SOCIETY OF BALTIMORE, INC. *v.* HAYWOOD

[No. 322, September Term, 1969.]

*Decided April 6, 1970.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*William H. Hicks,* with whom were *William O. Doub* and *Niles, Barton & Wilmer* on the brief, for appellant.

*Charles P. Howard, Jr.* for appellee.

DIGGES, J., delivered the opinion of the Court.

For far too many years the courts of Maryland have been plagued by the onslaught of an ever increasing backlog of cases. And only after many years of experimentation, persuasion, arm twisting and the utilization of the local and this Court's rule making powers has the judiciary been able to check one of the most frustrating ironies of the crowded docket. By creating a statewide dismissal rule (Maryland 530) we were confident that we could at least focus on the dead case, the case left unprosecuted for years at a time, whose mere presence in the mainstream of pending cases created such a paper logjam that our courts were unable to give due attention to cases that still exhibited the vital signs of life. Caught between the local dismissal rule, 528 C of the Supreme Bench of Baltimore City, and the state dismissal rule, 530,[1] this is an appeal from the slag heap of dead cases. We frankly regret that we must affirm the trial judge's ultimate refusal to dismiss a case almost five years old.

This litigation began with the filing of a million dollar malicious prosecution suit on October 11, 1965, but even with such a pot of gold at the end of the litigant's rainbow, the case never got off the ground. It simply floated without movement or direction, in suspended animation, in the all too stagnant stream that runs from the clerk's office to the central assignment office to the courtroom. It never reached its final destination, having met a sup-

---

1. The appropriate part of Rule 528 C of the Rules of the Supreme Bench of Baltimore City is as follows:

"After a case has been at issue for eighteen months and has not been placed on the consolidated trial docket at the request of one of the parties . . . it shall be and become dismissed as of the date of expiration of said eighteen months, and the clerk of the court, if the case is in a law court, shall enter on the docket a non pros for lack of prosecution under this rule and a judgment for the defendant for costs. If the case is in an equity court, it shall be dismissed, as of said date, without prejudice, costs to be paid by plaintiff, and the clerk shall make the appropriate entry on the docket and show that it was for lack of prosecution under this rule."

posed death from old age on September 5, 1969, with this docket entry for its epitaph:

> "Dismissed under Rule 528 C of the Supreme Bench of Baltimore City for lack of prosecution. Judgment absolute in favor of the defendants for costs of suit."

While that epitaph was appropriate and in compliance with the spirit of Maryland Rule 530, what was unseen was the failure of the Supreme Bench rule to provide for notice to the affected parties, which is required by 530 b of the state rule.

On October 10, 1969 (more than thirty days from the entry of the dismissal judgment) the plaintiff-appellee Lorenzo Haywood finally took notice and filed a motion to restore the case to the trial docket, seeking a general continuance. Judge Howard, as assignment judge, granted this request and signed an order striking the dismissal. At this juncture the defendant-appellant filed the present appeal. While we too would have preferred a stale case to remain dead (for a different reason than appellant) we find we must entertain this appeal and affirm the trial judge's refusal to write "Requiescat in pace" over the remains of this case.

We must entertain the appeal because an order striking out a judgment more than thirty days after entry is in the nature of a final order appealable to this Court. *Gay Investment Co. v. Angster*, 231 Md. 318, 322, 190 A. 2d 95 (1963); *Williams v. Snyder, Adm'r*, 221 Md. 262, 267-68, 155 A. 2d 904 (1959).

We must affirm this appeal because of the irregularity that has occurred in applying the local dismissal rule when it was inconsistent with and superseded by the state dismissal rule. The precise point of inconsistency is the requirement in Maryland Rule 530 b absent in the Supreme Bench rule, that "the clerk shall notify *all parties, and their counsel of record* of the contemplated dismissal." (Emphasis added.) This rule went into effect on November 6, 1967.

The express provision for notice to the litigants overrides our often stated proposition that it is the duty of the defendant "to keep [him]self informed as to what [is] occurring in the case." *Tasea Investment Corp. v. Dale,* 222 Md. 474, 479, 160 A. 2d 920 (1960) ; *Baltimore Luggage Co. v. Ligon,* 208 Md. 406, 118 A. 2d 665 (1955) ; and *Berwyn Fuel & Feed Co. v. Kolb,* 249 Md. 475, 240 A. 2d 239 (1968). In the *Kolb* case, at 479 we noted that "the entry of the default judgment, pursuant to [Maryland] rule 310 b, by the plaintiff without giving notice to the defendant did not constitute an 'irregularity' within the meaning of Rule 625." But we defined irregularity there as "the doing or not doing of that, in the conduct of a suit at law, which, conformable with the practice of the court, ought or ought not to be done."

Since we have been given the power by the Maryland Constitution in Article IV, Section 18 A to "regulate and revise the practice and procedure" in the courts of this state, we presume that what ought or ought not to be done by our court officials must conform to the practices as defined in the Maryland Rules of Practice and Procedure. *Bastian v. Watkins, Clerk,* 230 Md. 325, 330-31, 187 A. 2d 304 (1963). Under Maryland Rule 310 b we do not require such notice by the clerk, but under 530 b we do. Dismissal without notice under 530 b through d is therefore an irregularity as defined in Maryland Rule 625. Finding then that the notice provision of Maryland Rule 530 is in sharp variance with Supreme Bench Rule 528 C we must apply Maryland Rule 1 f 1 (adopted April 1, 1969) which allows local rules to stand, "[e]xcept to the extent inconsistent with the Maryland Rules." We find such a repugnancy between these two rules in regard to the notice requirement that we are compelled to conclude that any dismissal taken under Supreme Bench Rule 528 C is voidable.

While we regret what may be a temporary setback in the Supreme Bench's attempt to cope with its case backlog we cannot weigh our fear of a wholesale revival of suits long dead, but only recently dismissed pursuant to

542

Supreme Bench Rule 528 C against the fear of throwing a legitimate litigant out of court without the notice required by our own rules. While this may be an unfortunate result, we are confident that our long range administrative goals will be better served by fair and open treatment of those who have slept on their right to have a day in court.

Because of the irregularity in failing to give the required notice of contemplated dismissal for lack of prosecution we cannot follow the commands of an ancient maxim that could have served as a most appropriate epitaph over this case.

> "Vigilantibus et non dormientibus jura subveniunt."
>
> (The laws aid those who are vigilant, not those who sleep upon their rights.)

> *Order affirmed. Case remanded for further proceedings. Costs to be paid by appellant.*