WEITZ *v.* MacKENZIE ET UX.

[No. 108, September Term, 1974.]

*Decided February 4, 1975.*

*Motion for modification of opinion filed March 4, 1975; motion granted March 6, 1975, and opinion modified.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Leonard R. Goldstein* for appellant.

*Eliot Siskind* and *H. Gregory Skidmore,* with whom were *Robert C. Prem* and *Niles, Barton & Wilmer* on the brief, for appellees.

SINGLEY, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Prince George's County setting aside a confessed judgment in the amount of $60,000.00 with interest, costs and an attorney's fee of $9,000.00, which had been entered against the appellees, Robert V. MacKenzie and Jennie MacKenzie, his wife, in favor of the appellant, Benjamin B. Weitz. Because we shall reverse the order, a brief discussion of the underlying facts is indicated.

In early July, 1973, $55,000.00 was borrowed from American National Bank of Maryland (the Bank). The note evidencing the borrowing, which by its terms was due on 1 October 1973, was executed in this fashion:

"Pets & Things, Inc.

Benjamin B. Weitz (seal)

Edward G. Marram (seal) "

"Pets & Things, Inc." was typed; the seals beside the signatures appeared on the printed form provided by the Bank.

Nearly a year before the borrowing occurred, the Bank had received a guaranty agreement signed by Joel Kline; Edward G. Marram [1] and Beverly S. Marram, his wife; Benjamin B. Weitz and Myrna Weitz, his wife, and the MacKenzies. The agreement jointly and severally guaranteed the payment of any obligations which Pets & Things, Inc. might owe the Bank, to a maximum limit of $60,000.00. By its terms, the guaranty was assignable; authorized the entry of a confessed judgment, and provided for the payment of costs and a 15% attorney's fee.

When there was a default in the payment of the note, Weitz purchased the note from the Bank for $60,000.00 on 7 January 1974; received an assignment of the guaranty agreement, and on 31 January 1974, caused judgment by

---

1. On the guaranty agreement there was typed under Marram's signature "Edward P. Marram."

confession to be entered against the MacKenzies and the Marrams.

Within 30 days of the entry of judgment against her, Beverly S. Marram moved to vacate it, alleging that her signature on the agreement of guaranty was a forgery. On 22 March 1974, Edward G. Marram moved to vacate the judgment against him, alleging that Weitz was a co-guarantor, and therefore liable for contribution. Both motions were granted, and the Marrams were required to plead.

It was not until 15 April 1974 that the MacKenzies filed their motion to vacate the judgment against them. Their motion was bottomed on the theory that Weitz, as a co-guarantor, had discharged the obligation by purchasing it from the Bank, and had obtained judgment against his co-guarantors by fraud, mistake or irregularity, since they were responsible only for the payment of their ratable share, and not for the entire amount of the note.

Seemingly, the trial court found what it regarded as an irregularity in the fact that the note was signed in a fashion which made it impossible to determine whether the obligation was intended to be that of Pets & Things, Inc., or that of Weitz and Marram individually, who had signed without indicating that they were signing in a representative capacity.[2] The court was troubled by the idea that the agreement of guaranty purported to guarantee only the obligations of Pets & Things, Inc.

Judgment by confession had been entered against the Marrams and the MacKenzies. As a result of timely motion made in her behalf, the judgment against Mrs. Marram was vacated.

Rule 625 a provides:

---

**2.** If Weitz was not a holder in due course, *see* Uniform Commercial Code (UCC) § 3-302, Maryland Code (1957, 1964 Repl. Vol.) Art. 95B, § 3-302, the trial court could have resolved this ambiguity by taking parol testimony to establish the intention of the parties, UCC § 3-403 (2)(b), Code Art. 95B, § 3-403 (2)(b); Lesser v. Todd Cigarette Service Co., 267 Md. 524, 298 A. 2d 151 (1973); Seale v. Nichols, 505 S.W.2d 251 (Tex. 1974). *See also* A. S. Abell Co. v. Skeen, 265 Md. 53, 288 A. 2d 596 (1972).

"For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity."

Under our cases, an irregularity which will permit a court to exercise revisory powers over an enrolled judgment has been consistently defined as the doing or not doing of that, in the conduct of a suit at law, which, conformable to the practice of the court, ought or ought not to be done, *Mutual Benefit Society of Baltimore, Inc. v. Haywood,* 257 Md. 538, 263 A. 2d 868 (1970); *Household Finance Corp. v. Taylor,* 254 Md. 349, 254 A. 2d 687 (1969); *Himes v. Day,* 254 Md. 197, 254 A. 2d 181 (1969); *Grantham v. Board of County Comm'rs for Prince George's County,* 251 Md. 28, 246 A. 2d 548 (1968); *Berwyn Fuel & Feed Co. v. Kolb,* 249 Md. 475, 240 A. 2d 239 (1968). As a consequence, irregularity, in the contemplation of the Rule, usually means irregularity of process or procedure, *Shaw v. Adams,* 263 Md. 294, 283 A. 2d 390 (1971); *Penn Central Co. v. Buffalo Spring & Equip. Co.,* 260 Md. 576, 273 A. 2d 97 (1971); *Mutual Benefit Society of Baltimore, Inc. v. Haywood, supra,* and not an error, which in legal parlance, generally connotes a departure from truth or accuracy of which a defendant had notice and could have challenged, *Berwyn Fuel & Feed Co. v. Kolb, supra,* 249 Md. at 478-79. *See also Abell v. Simon,* 49 Md. 318, 322-24 (1878).

Additionally, the party who seeks to invoke the court's revisory power must show by satisfactory proof that he is acting in good faith, with ordinary diligence, and that he has a meritorious defense, *Murray v. Fishman Constr. Co.,* 241 Md. 538, 547-48, 217 A. 2d 357, 363 (1966); *Tasea Investment Corp. v. Dale,* 222 Md. 474, 479, 160 A. 2d 920, 923 (1960); Rule 645 c. There was no such showing here.

*Order reversed; costs to be paid by appellees.*