*In the Matter of D.M.*, No. 2029, September Term 2023, Opinion by Kehoe, J.

**ADMINISTRATIVE PROCEDURE**

Office of Administrative Hearings ("OAH") is a creature of statute and must follow the statutes that enable it. An individual found responsible for indicated child abuse or neglect may appeal that finding to OAH pursuant to Md. Code Ann., Fam. Law § 5-706.1. Under Md. Code Ann., Fam. Law § 5-706.1(b), OAH is to stay any administrative hearing concerning an appeal when there is a Child in Need of Assistance ("CINA") case pending concerning the child.

**ADMINISTRATIVE PROCEDURE**

OAH did not have the authority to dismiss an administrative appeal of a finding of indicated child abuse or neglect for lack of prosecution, when the matter was subject to a statutory stay, pursuant to Md. Code Ann., Fam. Law § 5-706.1(b) related to a pending CINA case.

**ADMINISTRATIVE PROCEDURE**

Dismissal of an appeal that is subject to a statutory stay under Md. Code Ann., Fam. Law § 5-706.1(b), during the pendency of a CINA action, is an irregularity that merits vacating the OAH's order of dismissal and setting the matter in for a hearing.

**ADMINISTRATIVE PROCEDURE**

OAH's failure to comply with the automatic stay provision of COMAR § 07.02.26.07, by dismissing an action during the pendency of a CINA case, is an irregularity under COMAR § 07.01.04.20C.

Circuit Court for Harford County
Case No. C-12-CV-22-000855

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 2029

September Term, 2023

_____

IN THE MATTER OF D.M.

_____

Zic,
Kehoe, S.,
McDonald, Robert N.
 (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Kehoe, J.

_____

Filed: July 30, 2025

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

This case arises out of an administrative proceeding to challenge a finding of indicated neglect of a child by a parent. During the pendency of the administrative proceeding, the child was subject to a Child in Need of Assistance ("CINA") proceeding. The existence of the CINA proceeding automatically stayed proceedings before the Office of Administrative Hearings ("OAH"). Nevertheless, OAH vacated the stay and dismissed the appeal for lack of prosecution. OAH denied Appellant's request for reconsideration. Appellant petitioned for judicial review of the dismissal of her appeal and the denial of her request for reconsideration to the Circuit Court for Harford County, which affirmed OAH. For the reasons stated herein, we reverse the judgment of the circuit court.

## I.    FACTUAL HISTORY

The Appellant, D.M., is the mother of the Child in the case before us. In October 2020, Child Protective Services of the Baltimore City Department of Social Services (the "Department") opened an investigation into allegations that D.M. had neglected the Child. The Department made a finding of indicated neglect, and D.M. filed a notice of appeal to the OAH on October 18, 2020. This notice of appeal indicated D.M.'s street address as "1114 N. Mount Street, Baltimore Md. 21217"[1] and listed her phone number and email address. D.M.'s October 18 notice of appeal neither included the $50 filing fee nor contained a request for the waiver of that fee. D.M. later filed a timely request for waiver that was received by OAH on December 21, 2020, and an affidavit of indigency which was received on January 8, 2021.

---

[1] The 1114 N. Mount St. address belongs to Sarah's Hope Family Shelter, which is a homeless shelter where D.M. was staying at the outset of these events.

The Department also filed a petition to initiate a CINA case for the Child in the Circuit Court for Baltimore City, sitting as a juvenile court.[2] CINA proceedings are brought under the jurisdiction of a circuit court sitting as a juvenile court, pursuant to Title 3, Subtitle 8 of the Courts and Judicial Proceedings Article. Md. Code Ann., Cts. & Jud. Proc. §§ 3-801(b) and (t) provide:

> (b) "A child in need of assistance" means a child who requires intervention because
>
> (1) The child has been abused, has been neglected, has a developmental disability, or has a medical disorder; and
>
> (2) The child's parents, guardian, or custodian are unable or unwilling to give proper care and attention to the child or the child's needs.
>
> *     *     *     *
>
> (t)(1) "Neglect" means the leaving of a child unattended or other failure to give proper care and attention to a child by any parent or individual who has permanent or temporary care or custody or responsibility for supervision of the child under circumstances that indicate:
>
> (i) That the child's health or welfare is harmed or placed at substantial risk of harm; or
>
> (ii) That the child has suffered mental injury or been placed at substantial risk of mental injury.
>
> (2) "Neglect" does not include the use of cannabis by any parent or individual who has permanent or temporary care or custody or responsibility for supervision of the child unless, as a result of the use of cannabis:

---

[2] Although the record alludes to the Child's CINA case, there is nothing in the record from that case. Nevertheless, this Court takes judicial notice of the Child's CINA case. *See Matter of AutoFlex Fleet, Inc.*, 261 Md. App. 627, 675–76 (2024).

(i) The child's health or welfare is harmed or placed at substantial risk of harm; or

(ii) The child has suffered mental injury or been placed at substantial risk of mental injury.

On January 12, 2021, OAH stayed proceedings on D.M.'s appeal pending conclusion of the CINA case, in accordance with the statute.[3] On June 29, 2021, OAH sent a letter to the parties, requesting the parties to inform it of the status of the CINA matter by July 15, 2021. This letter was sent to D.M. at the 1114 N. Mount St. address, where she no longer lived.

On August 2, 2021, OAH sent a notice of contemplated dismissal to the parties. This notice directed the parties to file a motion to defer dismissal within 30 days. If no motions to defer dismissal were filed, the notice stated that the matter would be deemed to have been voluntarily withdrawn. Again, the notice was sent to D.M. at the 1114 N. Mount St. address. This notice to D.M., however, was returned by the United States Postal Service ("USPS") to OAH with a note that it was unable to forward it.[4] On August 2, 2021, a paralegal with the Department notified OAH that the CINA action was still active and that an adjudicatory hearing had been scheduled for September 3, 2021.

---

[3] Md. Code. Ann., Fam. Law § 5-706.1(b)(4) and COMAR § 07.02.26/07(B) provide that OAH shall stay any proceeding until a child is found to be CINA or the CINA proceeding is otherwise concluded.

[4] In an affidavit filed in the circuit court, D.M. stated that she notified the Post Office to forward her mail to a Bel Air address that belonged to her aunt and uncle, who had custody of the Child. Although D.M. did receive mail at this address, she did not receive any notices from OAH. In February 2021, she moved to Aberdeen, MD.

On January 10, 2022, OAH asked the parties for another update on the CINA case by no later than January 15, 2022. The copy of the notice sent to D.M. at the 1114 N. Mount St. address was returned by USPS as "not deliverable as addressed unable to forward." Although the CINA case was still pending, this time the Department did not respond to the request for an update. On February 1, 2022, OAH sent an order of contemplated dismissal to the parties, and D.M.'s copy was returned by USPS with the same message.

On March 9, 2022, OAH vacated the stay and ordered dismissal of the appeal, affirming the Department's finding of neglect. OAH determined that D.M. had voluntarily withdrawn her appeal by failing to prosecute it. D.M.'s copy of this Order was returned by USPS, with the same message. The Order of dismissal stated:

> 1. The request for a hearing in the captioned matter is deemed to have been voluntarily withdrawn based on the Appellant's failure to prosecute this administrative appeal. COMAR 07.02.26.13B, 28.02.01.24B.
>
> 2. The stay of the captioned matter is VACATED. COMAR 28.02.01.11B(12).
>
> 3. All further proceedings are TERMINATED, and the captioned matter is hereby DISMISSED. COMAR 07.02.26.13B, 28.02.01.24E(1).
>
> 4. If the local department found the Appellant to be an individual responsible for indicated child abuse or neglect:
>
> (a) That finding is AFFIRMED; and
>
> (b) The Department of Social Services or the local department may identify the Appellant as an individual responsible for abuse or neglect in a centralized confidential data base. Family Law sections 5-701(d), COMAR 07.02.26.02B(6), 07.02.26.13D.

At that time, the CINA case was still pending.

More than a month later, the CINA proceedings were terminated on April 21, 2022, with consent of the parties. A corrected Order terminating the CINA proceedings was entered on June 1, 2022. The Child was determined not to be CINA.

In late July 2022, D.M. obtained the services of attorney, Jeffrey Dier, Esquire ("Mr. Dier") to assist her in her administrative appeal. On August 1, 2022, Mr. Dier sent, via FedEx, a letter dated July 29, 2022, from D.M. to OAH. This letter read, in pertinent part:

> I am writing this letter regarding my January 8, 2021 appeal of a child mistreatment disposition of the Baltimore City Department of Social Services. I just came to understand that my appeal was dismissed this past March because of mix ups in communication that are described below. I am employed in the field of child education and understand that my employer is currently checking out my records concerning any history of child mistreatment. Therefore, I am requesting that this matter be addressed as soon as possible.

> On January 12, 2021 my appeal was stayed pending the resolution of a Child In Need of Assistance proceeding connected with the allegation of mistreatment. As the attached August 2, 2021 letter from the Legal Services Division of the BCDSS indicates, the case was still pending in court at that time. The March 9, 2022 OAH order that is also attached says that on January 10 and February 1, 2022, OAH requested another status report and then issued a contemplated dismissal notice. Apparently these notices were sent to the BCDSS administrator, attorney and paralegal involved in the case, but, for some reason, there was no response. Unfortunately, my copies were sent to an address that I have not lived at since early 2021 and my mail was not forwarded to my current address listed above.

> I called your office this past May when the CINA hearing was dismissed by agreement of the parties without a finding of CINA or mistreatment. Attached is a copy of the final order of the juvenile court that was eventually issued in June. The person I spoke with at OAH told me that my OAH case had been previously dismissed, but I understood that to mean that the neglect disposition against me had been dropped.

> I called OAH back numerous times since then to obtain a copy of the March 9, 2022 order, but did not get through or receive a copy until a few days ago and now realize that the initial indicated neglect finding has been affirmed because my appeal was dismissed.

5

I am requesting that the indicated neglect finding of BCDSS be withdrawn given that the juvenile court CINA proceeding was dismissed by agreement of all of the parties with a specific finding that my [child] was not a Child in Need of Assistance due to mistreatment and my child has been returned to my care. In the alternative, I would want my appeal to be reinstated. I am willing to take any steps required to correct the situation which has [a] dramatic impact on my employment. Please feel free to contact me with any questions and thank you very much for your assistance.

On October 21, 2022, the Department sent OAH a response to D.M.'s letter, arguing that it was incumbent upon D.M. to keep OAH advised of her address, and that the disposition of the CINA case does not necessarily dictate the outcome of the OAH proceeding. The Department asked that D.M.'s request be denied.

On November 9, 2022, OAH denied D.M.'s request to reopen her case, on the grounds that 30 days had passed from the date of the decision, and she had not shown fraud, mistake, or irregularity, as required under COMAR § 07.01.04.20(C). The Administrative Law Judge ("ALJ") found:

> On August l, 2022, the Office of Administrative Hearings (OAH) received the Appellant's Request for a New Hearing (Request) after the OAH entered an Order of Dismissal on March 9. 2022. I take the Appellant's Request as a Request for Reconsideration pursuant to Code of Maryland Regulations (COMAR) 07.01.04.20.
>
> If the final decision maker receives a request for reconsideration more than 30 calendar days after the date of the final decision, the decision may be revised only if it was based upon fraud, mistake, or irregularity. COMAR 07.01.04.20C.
>
> The Appellant filed her Request 143 days after the OAH entered its Order of Dismissal. Accordingly, I may only revise the Order of Dismissal on the grounds of fraud, mistake or irregularity. "Fraud" has been defined as an event collateral to the issues tried such that the event prevented the actual dispute from being submitted to the finder of fact at all. *Powell v. Breslin*, 430 Md. 52, 71 (2013). "Mistake" means a jurisdictional error, for example, entering a judgment in the absence of valid service of process so that the court never obtained personal jurisdiction. *Id.* at 71-72. "Irregularity" is a

6

failure to follow required procedure or process. *Id.* at 72. The Appellant presented no evidence of the existence of any of those grounds as defined by law. The OAH sent the Order of Dismissal to the Appellant's address of record. The file contains no evidence the Appellant provided new or alternative addresses to the OAH prior to the Order of Dismissal's issuance. Accordingly, the Appellant's request is DENIED.

D.M. petitioned the Circuit Court for Harford County for judicial review of OAH's decision. The circuit court, noting that D.M.'s letter requesting a hearing was filed more than 30 days after the decision, agreed that the case could only be reopened in the case of fraud, mistake or irregularity. The circuit court stated:

> The Appellant argues that the decision of the OAH should be reversed, and the matter set in for a hearing on the merits. She argues that the decision should be set aside based on fraud, irregularity, and mistake. In order to prevail, the Appellant must establish one of these three bases, by clear and convincing evidence. (*Powell v. Breslin*, *supra* citing *Tandra S. v. Tyrone W.*, 336 Md. 303, 648 A.2d 439 (1994)).
>
> A. Fraud: Appellant alleges that DSS representatives engaged in fraudulent behavior that resulted in the case being dismissed. In order to prevail on this argument, the Appellant must show that the dismissal was a result of "extrinsic fraud". Extrinsic fraud occurs when the actions prevent a party from putting on his case by fraud or deception practiced [] upon him by his opponent. This takes place when the actions actually prevent an adversarial hearing or trial, and prevent[] the actual dispute from being submitted to the factfinder. Appellant argues that the respondent DSS committed fraud when it failed to respond to the letter from the OAH asking for a status, and also when the DSS failed to notify the OAH of the Appellant's new address.
>
> The DSS argues that the Appellant [] fails to demonstrate fraud. There is no evidence of deliberate deception on the part of the DSS. DSS did not know that the notices that were sent to the Appellant [] by the OAH had been returned by the Postal Service. It was the duty of the Appellant [] to also keep the OAH apprised of the status of the CINA case, and it was further her duty, not theirs, to inform the OAH of her new address.
>
> B. Mistake: A mistake arises from a jurisdictional error. The Appellant alleges that the OAH did not have the authority to enter the judgment that it did. The DSS argues that there is no evidence of a jurisdictional mistake, and that the OAH followed its own regulations when it dismissed the case.

C. Irregularity: Appellant alleges that the OAH did not act in conformity with its own practices and procedures when it dismissed the appeal. The DSS argues that the OAH acted within its rules and regulations and properly dismissed the appeal.

The Court finds that the OAH did not commit error and did not abuse its discretion when it denied the Appellant's request to reopen her case. The OAH reviewing judge found that the Appellant had not met her burden to demonstrate, by clear and convincing evidence, that the OAH had dismissed her appeal based on fraud, mistake, or irregularity. This Court having reviewed the case finds that the ALJ did not abuse its discretion and did not err when it dismissed the appeal. The dismissal was due to the Appellant's failure to prosecute her appeal and keep the OAH informed of her address. It was not the responsibility of the DSS to represent her interests in the appeal. There was no evidence that DSS acted fraudulently. There was no jurisdictional mistake nor was there any irregularity in the handling of this case and the dismissal of the appeal. Therefore, this Court will deny the Appellant's appeal and affirm the decision of the OAH to dismiss her appeal.

## II.    QUESTION PRESENTED[5]

Did the OAH err by dismissing an appeal of a finding of indicated neglect for lack of prosecution when the appeal was subject to a statutory stay?

D.M. contends that OAH erred by dismissing her appeal for lack of prosecution, when, by operation of law, the matter was stayed by virtue of the CINA action. We agree.

## III.    STANDARD OF REVIEW

"When reviewing the decision of an administrative agency, we look through the circuit court's decision and 'evaluate the decision of the agency.'" *Hayden v. Md. Dep't. of*

---

[5] D.M. phrased her issue as follows:

Did the Maryland Office of Administrative Hearings lack the power or authority to dismiss an administrative appeal of a child maltreatment disposition that had been stayed from prosecution by operation of law based on a "lack of prosecution" and, therefore, did the dismissal constitute an irregularity out of conformity with established procedure warranting the set aside of the dismissal?

*Nat. Res.*, 242 Md. App. 505, 520 (2019) (quoting *Kor-Ko Ltd. v. Md. Dep't. of the Environment*, 451 Md. 401, 409 (2017)). Courts have a narrow role in reviewing adjudicatory decisions by administrative agencies. *Board of Physician Quality Assurance v. Banks*, 354 Md. 59, 67 (1999). A reviewing court may only uphold the decision of the administrative body if it is sustainable on the agency's findings or reasons stated by the agency. *United Parcel Service, Inc. v. People's Counsel for Baltimore County*, 336 Md. 569, 577 (1994). "[T]he inquiry is not whether the Circuit Court erred, but whether the ALJ erred." *John A. v. Board of Educ. for Howard County*, 400 Md. 363, 381 (2007).

The reviewing court shall determine the legality of the decision and whether there was substantial evidence on the record to support it. *Id.* The Court's role in reviewing decisions of administrative agencies is narrow and "is limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law." *Id.* (quoting *Maryland Aviation Admin. v. Noland*, 386 Md. 556, 571 (2005)).

The OAH regulation concerning motions for reconsideration filed more than 30 days after a decision is analogous to Maryland Rule 2-535(b), which concerns motions for reconsideration in a circuit court. The benchmark for review of a denial of a motion for reconsideration based on fraud, mistake, or irregularity under Rule 2-535(b) is abuse of discretion. *Powell v. Breslin*, 430 Md. 52, 62 (2013). Abuse of discretion occurs "where no reasonable person would take the view adopted by the [trial] court." *Id.* (quoting *North v. North*, 102 Md. App. 1, 13–14 (1994)). An abuse of discretion also occurs when the court

9

acts "without reference to any guiding rules or principles." *Id.* An abuse of discretion occurs when there is an untenable act that defies reason and works an injustice. *Id*. An irregularity must be proved by clear and convincing evidence. *Tandra S. v. Tyrone W.*, 336 Md. 303, 314 (1994). Clear and convincing evidence is evidence that the contention is highly probable, not merely probable. *Spengler v. Sears, Roebuck & Co.*, 163 Md. App. 220, 247 (2005).

## IV.    DISCUSSION

### A. Statutory and Regulatory Framework

This case involves a statutory and regulatory framework that allows an individual to appeal an indication of neglect to OAH. Statutory construction is "resolvable on the basis of judicial consideration of three general factors: 1) text; 2) purpose; and 3) consequences." *Town of Oxford v. Koste*, 204 Md. App. 578, 585 (2012). We avoid an absurd or unreasonable reading. *Id.* at 586.

The powers conferred upon administrative agencies are measured by the statutes that grant them powers. *Boyd v. Supervisor of Assessments for Baltimore City*, 57 Md. App. 603, 608 (1984) (citing 2 Am. Jur. 2d *Administrative Law* § 328).

Md. Code Ann., Fam. Law § 5-706(b) (2019 Repl. Vol.)[6] requires local departments of social services or law enforcement to make a thorough investigation of a report of

---

[6] We cite the statute that was in effect at the time of the Department's investigation of D.M. Md. Code Ann., Fam. Law § 5-706 was amended by Acts 2021, ch. 129 and by Acts 2022, ch. 200, § 4. Unless the context demands otherwise, references to the Family Law Article will be to the text in effect at the time of the investigation and D.M.'s notice of her appeal to OAH.

suspected abuse or neglect of a child to protect the health, safety and welfare of the child. Section 5-706(d) requires the Department to determine the nature, extent and cause of the abuse or neglect. The Department is also required to determine the identity of the person responsible for the abuse or neglect if the neglect is verified. Md. Code Ann., Fam. Law § 5-706(d). Section 5-706.1(a) requires a local Department of Social Services to notify, in writing, the individual alleged to have abused or neglected the child of its finding. Any person found responsible for indicated abuse or neglect shall be identified in a central database. Md. Code Ann., Fam. Law § 5-706.1(a). Section 5-706.1(b) permits that individual to appeal the finding to OAH for a contested case hearing.

In this case, the Department investigated allegations that the Child had been neglected, found the neglect to be indicated, and notified D.M. The Department issued its written report on October 18, 2020. D.M. filed a timely appeal of this finding to OAH. Md. Code Ann., Fam. Law §5-706.1(b)(4)(i) provides:

> If a CINA case is pending concerning a child who has been allegedly abused or neglected by the appellant or a child in the care, custody, or household of the appellant, the Office of Administrative Hearings shall stay the hearing until the CINA case is concluded.

COMAR § 07.02.26.07.B, which governs administrative appeals of findings of indicated neglect, similarly provides:

> If a CINA proceeding is pending, OAH shall stay the hearing until the child is found by a court to be a CINA or the CINA proceeding is otherwise concluded.

11

The Department filed its CINA action on October 5, 2020. On August 2, 2021, in response to a notice of contemplated dismissal, the Department notified OAH that the CINA matter was still pending.

COMAR Title 28, Subtitle 2, Chapter 1 sets forth OAH's rules of procedure. COMAR § 28.02.01.05.C provides:

> Method of Giving Notice.
>
> (1) Except as otherwise required by law, a notice issued by the Office shall be sent to the parties by United States mail, by personal delivery, by courier delivery at their addresses on record with the Office, or, with the consent of the party, electronically.
>
> (2) If notice is given by United States mail, the notice is effective at the end of the 5th day after its deposit in the mail.
>
> (3) Proof that notice has been given may be made by the dated file copy in the case file.

COMAR § 28.02.01.24 provides:

> Dismissal for Lack of Prosecution.
>
> A. Unless otherwise required by law, a case pending before the Office may not be placed on inactive status.
>
> B. At the expiration of 6 months from the last docket entry, and on the request of a party or on an ALJ's own initiative, a case is subject to dismissal for lack of prosecution.
>
> C. If dismissal is initiated, the Office shall send notice to all parties that a final or proposed dismissal for lack of prosecution will be entered after the expiration of 30 days from the date of the notice unless a motion is filed under § D of this regulation.
>
> D. On motion filed within 30 days after the date of the notice under § C of this regulation, and for good cause shown, an ALJ may defer issuance of a final or proposed order of dismissal for the period and on the terms the ALJ considers proper.

E. Issuance of Order.

(1) If a timely motion is not filed under § D of this regulation, or if a motion is filed and denied, the ALJ shall issue an order or proposed order of dismissal within 30 days after the time for filing the motion has expired.

(2) If a motion is filed and good cause is shown for deferral of the dismissal, the ALJ shall issue an order deferring dismissal and specifying the period and the terms of the deferral.

**B. Analysis**

D.M. in her Notice of Appeal provided her street address and an email address. The form for noting the appeal provided a check box to allow all correspondence to go to an attorney if an attorney was representing an appellant. Since D.M. was not represented by counsel, this box was not checked. The form that D.M. filed to initiate her appeal did not contain a box to check to request that notice be sent electronically. Nevertheless, by providing her email address, D.M. indicated that she would be able to use that address. OAH, after repeatedly sending notices to D.M. at a street address that was no longer valid, did not send any notices to her email address, which she impliedly allowed for notice.

In *Powell v. Gutierrez*, our Supreme Court noted that the "primary focus [of Rule 2-507[7] and former Rule 530] was on pruning the docket of dead cases." 310 Md. 302, 308

---

[7] Rule 2-507(c), which applies to circuit court cases, provides:

For Lack of Prosecution. An action is subject to dismissal for lack of prosecution at the expiration of one year from the last docket entry, other than an entry made under this Rule, Rule 2-131, or Rule 2-132, except that an action for permanent alimony is subject to dismissal under this section only after two years from the last such docket entry.

(1987). The Court defined a dead case as one in which neither party has an interest in having the issue resolved. *Id.* Good cause to avoid a dismissal is that a party is ready, willing and able to proceed with the claim and that any delay in prosecution is not wholly without justification. *Id.*

The logic of Rule 2-507 applies to COMAR § 28.02.01.24. OAH has an interest in weeding out from its docket cases that the parties are no longer interested in pursuing. In her July 29, 2022 letter, D.M. stated that she was "requesting that the indicated neglect finding of [the Department] be withdrawn given that the juvenile court CINA proceeding was dismissed by agreement of all of the parties with a specific finding that my [child] was not a Child in Need of Assistance due to mistreatment and my child has been returned to my care." She also asked that her appeal be reinstated because the finding was having a "dramatic impact on [her] employment."

An irregularity that would trigger the exercise of revisory power is an irregularity of process or procedure. *Weitz v. MacKenzie*, 273 Md. 628, 631 (1975). An irregularity has been defined as the doing or not doing of that which ought or ought not have been done. *Id.* A party seeking to invoke the court's revisory power must show satisfactory proof that he is acting in good faith, with ordinary diligence, and have a meritorious claim or defense. *Id.*

In *J.T. Masonry Co., Inc. v. Oxford Construction Services, Inc.*, a case involving Maryland Rules 2-507 and 2-535, our Supreme Court upheld the denial of a motion to set aside an order of dismissal. 314 Md. 498, 507 (1989). In that case, the Court held that counsel for the petitioner was aware of the notice of contemplated dismissal and order of

dismissal, but did not act with due diligence to move the court to vacate them. *Id.* Petitioner's counsel had actual knowledge of the judgment of dismissal in February 1987. *Id*. Nevertheless, he waited until 45 days after the entry of the judgment of dismissal to challenge it. *Id.*

In *Mutual Ben. Soc. of Baltimore, Inc. v. Haywood*, our Supreme Court held that the failure to provide notice of contemplated dismissal was an irregularity that merited vacating the order of dismissal. 257 Md. 538, 542 (1970). That case turned on a conflict between the local rules of the Supreme Bench of Baltimore City[8] and the Maryland Rules of Procedure. *Id*. at 546. Then local Rule 528 C provided for an automatic dismissal and judgment in favor of the adverse party for failing to prosecute. However, former Maryland Rule 530 b required notice of contemplated dismissal. *Id*. at 540. Our Supreme Court held that the Maryland Rules prevailed, and notice was required. *Id*. at 542. The Supreme Court affirmed the striking of the dismissal for failure to give notice. *Id.* at 540.

In *Early v. Early*, our Supreme Court noted that the sending of notice to an old address might be an irregularity. 338 Md. 639, 664 (1995). *Early* involved a contempt action arising out of a Title IV-D[9] Uniform Reciprocal Enforcement Support Act ("URESA").[10] Although the action was couched as a contempt action, the trial court

---

[8] Predecessor to the Circuit Court for Baltimore City.

[9] Title IV-D refers to Part D Subchapter IV of the Social Security Act, 42 U.S.C. §602(a)(26(A), which deals with enforcement of child support orders. *Early*, 338 Md. at 644.

[10] In Maryland, URESA is codified as Md. Code Ann., Fam. Law § 10-301 *et seq*. URESA applies to the enforcement of child support orders entered by courts of other States.

15

modified the support order. *Id*. at 649. The Supreme Court held that the modification of the support order was an irregularity because the adverse party had not been provided notice, by way of the pleadings for contempt, that modification was at issue. *Id*. at 652. The Court further held that the trial court lacked the power to modify a support order in a contempt proceeding. *Id.* at 653.

The Department argues that D.M. never raised the issue as to whether OAH had the power or authority to dismiss her appeal by lack of prosecution during the administrative process. The Department cites *Willow Grove Citizens Assoc. v. County Council of Prince George's County,* 235 Md. App. 162 (2017). *Willow Grove* involved a grant of a special exception by the County Council of Prince George's County, sitting as District Council. *Id.* at 165. We found that the appellant's failure to raise an alleged conflict of interest on the part of an attorney representing the People's Zoning Counsel had been waived because it failed to raise the issue before the County Council. *Id.* at 174.

The Department also cites *Zakwieia v. Bd. of Education*, which involved the appeal of a decision by the Workers' Compensation Commission that found that the claimant's claim for retirement disability benefits was offset by worker's compensation benefits that had been paid to her pursuant to Md. Code Ann., Lab. & Empl. § 9-610. 231 Md. App. 644, 646–47 (2017). On appeal to this Court, the claimant argued that Lab. & Empl. § 9-610 did not apply because she was a member of a union and Md. Code Ann., State Pers. & Pens. § 29-118 controlled her compensation. *Id*. at 648. We did not address that argument because it had not been raised either before the administrative agency or the circuit court. *Id*. at 650.

16

In *Brodie v. Motor Vehicle Administration*, our Supreme Court held that the petitioner could not raise the issue of whether the Motor Vehicle Administration could revoke a driver's license that had already been revoked because he failed to raise it before the administrative agency. 367 Md. 1, 4 (2001).

The Department's argument is flawed for two reasons. First, in her July 29, 2022 letter, D.M. asserted that she had promptly notified OAH, by phone, that the CINA case had been concluded. She then learned that the case had been dismissed without her knowledge. She asked that the matter be reinstated. Although she did not state precisely then, as she states now, that it was illegal for OAH to dismiss her case, she did lay out sufficient facts to assert that her case had been wrongly dismissed because the CINA action had not yet been concluded. Second, in her memorandum to the circuit court, she asserted that OAH lacked the power to dismiss her appeal because there was a stay in place. D.M. has adequately preserved the issue for this Court. The irregularity of which D.M. complains is the dismissal of her case when it was statutorily impermissible for her case to be dismissed. This impermissible action could not have been raised before OAH because it did not occur until the ALJ dismissed her appeal. By asking for a hearing after the termination of the CINA matter, D.M. properly placed her request for a hearing on the merits before OAH.

The Department argues that D.M. failed to notify OAH that the CINA matter was still pending. OAH's January 12, 2021 Order for Stay of Administrative Proceedings Pending CINA Proceedings provided that "the local department and the Appellant shall notify the OAH of the outcome of the CINA proceeding within thirty (30) days of the stay

17

order of its conclusion."[11] Clearly, it was equally incumbent on both D.M. and the Department to keep OAH informed as to the status of the CINA matter. The Department's only effort to keep OAH informed was the August 2, 2021 letter from a paralegal. The Department failed to respond to OAH's January 10, 2022 request regarding the status of the CINA case.

D.M. cites a number of foreign cases to support her position. In *Gomez v. State Farm Florida Ins. Co.*, the Third District Court of Appeal of Florida held that the trial court erred in dismissing an action that was subject to an order of stay because the rule governing dismissal specifically provided that, "no order staying the action has been issued." 208 So. 3d 1189, 1191 (Fla. Dist. Ct. App. 2017). In *Juliano v. Allstate Ins. Co.*, the Third District Court of Appeal of Florida also reversed a dismissal when an order of stay, pursuant to the Florida Rules of Procedure, was in effect. 766 So. 2d 254, 256 (Fla. Dist. Ct. App. 2000). In *Barry v. Reeves*, the Supreme Court of Mississippi noted that a dismissal for failure to prosecute must be the result of a plaintiff's failure to prosecute the claim, rather than from extrinsic factors beyond the control of a plaintiff. 47 So.3d 689, 694 (Miss. 2010).

"[A]n agency of the government generally must observe rules, regulations or procedures which it has established and under certain circumstances when it fails to do so,

---

[11] In this Order, the ALJ cited to COMAR § 28.02.01.11B(11), which now allows for an ALJ to set remote hearings. The current proper citation should be to COMAR § 18.02.01.11B(12) which allows for an ALJ to "[i]ssue such orders as are necessary to procure procedural simplicity and administrative fairness and to eliminate unjustifiable expense and delay." It appears that this anomaly may arise from amendments to COMAR § 28.02.01 on February 8, 2021. We are not suggesting that OAH miscited its regulation.

18

its actions will be vacated and the matter remanded." *Pollock v. Patuxent Inst. Bd. of Review*, 374 Md. 463, 503 (2003). Nevertheless, when an agency violates a rule, the complaining party must show prejudice. *Id*. at 504. Md. Code Ann., State Gov't § 10-206(a) authorizes OAH to adopt regulations to govern procedures and practice. Md. Code Ann., State Gov't § 10-206(c) allows for individual agencies to adopt procedural regulations. Md. Code Ann., State Gov't § 10-214(b) provides that OAH "is bound by any regulation, declaratory ruling, prior adjudication, or other settled, preexisting policy, to the same extent as the agency is or would have been bound if it were hearing the case." Md. Code Ann., State Gov't § 10-217 (2021 Repl. Vol.) provides that proof is by a preponderance of the evidence unless an agency regulation, statute, or constitution requires clear and convincing evidence. *See Tandra S.*, 336 Md. at 314.

In this case, D.M. filed her notice of appeal to OAH on October 18, 2020. On January 12, 2021, OAH stayed the proceedings because there was a pending CINA case. On August 2, 2021, OAH sent a notice of contemplated dismissal. That day, the Department, through a paralegal, notified OAH that the CINA matter was still pending. OAH's notice of contemplated dismissal was returned as undeliverable on September 10, 2021. After it received that notice, OAH made no effort to contact D.M. via email or phone, despite her having listed her email address and phone number. On January 10, 2022, OAH sent a second status request to the parties. OAH sent this request to D.M. at a street address that it knew was no longer valid. It did not send it via email. Despite the stay order of January 21, 2021, imposing an obligation on both parties to advise OAH of the status of

19

the CINA proceedings, and this order having been sent to both D.M. and the Department, the Department did not respond to this request regarding the status of the CINA case.

The Department argues that the dismissal came as a result of D.M.'s failure to show cause as to why she did not respond to the orders of contemplated dismissal. This argument is without merit. Md. Code Ann., Fam. Law § 5-706.1(b)(4)(i) and COMAR § 07.02.26.07.B stayed any decision by OAH on D.M.'s appeal. The March 2, 2022 order, vacating the stay and dismissing the appeal, contravened this statutory and procedural mandate. Accordingly, OAH lacked the authority to dismiss the case. D.M. timely asked for her hearing when she contacted OAH in April 2022 to notify it that the CINA matter had concluded. D.M. further exercised her right to a hearing with her July 29, 2022 letter in which she outlined the steps that she had taken to get a hearing. That letter further sets forth that despite asking USPS to forward her mail, it was not forwarded.

Although there is a line for an address on the form to note the appeal, OAH does not have a requirement for D.M. to notify it of a change of address. There is no statutory nor regulatory requirement for her to notify OAH of a change of address. OAH's forms did not include a notification that she must advise OAH of a change of address. This lack of a requirement is particularly compelling because Md. Code Ann., State Gov't § 10-209(a) requires that the holder of a license, who is a party to an administrative appeal, must advise OAH of any change in address. COMAR § 28.02.01.05.C(1) allows for electronic notice if a party consents. OAH does not have any form, or apparently any formal process, by which a party can make this election. At the time that she filed her appeal, D.M. was living in a homeless shelter. Her residence was, therefore, somewhat uncertain. She provided her

20

email address. Her having provided her email address is implicit consent to be notified electronically. To be sure, the February 1, 2022 Notice of Contemplated Dismissal was a notice which could have been sent electronically. The January 10, 2022 letter requesting the status of the CINA case was not a notice. Had OAH communicated with D.M. electronically in either of these instances, D.M. could have advised it that the CINA matter was still pending.

OAH has the right to maintain its docket and does so pursuant to COMAR § 28.0201.11B(12). However, its ability to maintain its docket cannot come in derogation of substantive rights that the parties to a proceeding enjoy. One such substantive right is the automatic stay provision of Md. Code Ann., Fam. Law § 5-706.1(b)(4)(i). This statutory stay is replicated in COMAR § 07.02.26.07.B. On March 9, 2022, OAH dismissed D.M.'s appeal for lack of prosecution. By law, D.M. could not prosecute her appeal until the CINA case was concluded, which did not happen until April 21, 2022. In other words, D.M. could not have been found to have failed to prosecute an appeal, which by law was stayed.

OAH's order of March 9, 2022 dismissing D.M.'s appeal is a manifest irregularity because OAH, by dismissing the appeal that was stayed by operation of law, did what it ought not to have done. *Weitz*, 273 Md. at 631. The ALJ did not have the authority to vacate the statutory stay and dismiss the appeal. The evidence is clear that OAH's order of dismissal violated the stay provision of Md. Code Ann., Fam. Law § 5-706.1(b)(4)(i) and thus constituted an irregularity. Md. Code Ann., State Gov't § 10-222(h) provides, in pertinent part that, upon judicial review of an administrative decision, a court may reverse an administrative decision if it exceeds that statutory authority of the final decision maker.

21

We, therefore, reverse the judgment of the Circuit Court for Harford County, with instructions that it reverse the decision of the of the Office of Administrative Hearings dismissing D.M.'s appeal. D.M. is entitled to an administrative hearing.

**JUDGMENT OF THE CIRCUIT COURT FOR HARFORD COUNTY IS REVERSED AND CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE DECISION OF THE OFFICE OF ADMINISTRATIVE HEARINGS. APPELLEE TO PAY COSTS.**